John A. Wyckoff and James A. Winham, Respondent, v. Henry J. Meyers, Appellant.

| 44 | 143 |
| 116 | 233 |

Where a building contract provides that the last installment shall be paid by the defendant, "when all the work is completely finished and certified to that effect by the architects," under whose direction the work was to be done, production of the certificate of the architects is conclusive upon the defendant, unless obtained through fraud or mistake.

If the contract prescribes no specific form, a certificate that "the last payment is due as per contract," is sufficient.

(Argued September 26th; decided December 28th, 1870.)

Appeal from an order of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of the plaintiffs, entered upon the report of a referee.

This action was commenced in the Common Pleas of the city of New York, and was tried before a referee, who decided in favor of the plaintiffs. It was to recover a balance claimed to be due upon a building contract.

The plaintiffs, who were carpenters and builders, entered into a contract with the defendant in May, 1860, to build for him three brick stores in the city of New York, to be completed on or before the first day of September then next. They were to furnish the materials and erect the buildings agreeably to certain drawings and specifications made by Edmund Warring & Son, architects, "in a good, workmanlike and substantial manner, to the satisfaction and under the direction of the said architects, to be testified by a writing or certificate under the hands of the said architects." The defendant was to pay the plaintiffs $8,800 in installments as the work progressed, upon the certificates of the architects, and the last installment, of $1,800, was to be paid "when all the work is completely finished, and certified to that effect by the architects." Articles third and fifth of the contract were as follows: "*Third*. Should the owner at any time during the progress of the said buildings request any alterations,

deviation, additions or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation." "*Fifth*. Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by Edmund Warring & Son, and their decision shall be final and conclusive; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons, one employed by the owner and the other by the contractor; and these two shall have power to name an umpire, whose decision shall be binding on all parties."

On the trial, the plaintiffs gave evidence tending to show the performance of the contract on their part; and that after they claimed they had performed it, in December, 1860, they obtained of the architects the following certificate :

" This is to certify that the last payment, of $1,800, is due Wyckoff & Winham on your buildings, corner of Greenwich and Beach streets, as per contract.

"E. WARRING & SON."

This certificate was presented to the defendant, and he paid $1,000, and afterward refused to pay the balance, claiming that the plaintiffs had not performed the contract on their part.

On the trial, the defendant offered to show that the plaintiffs did not erect and complete the buildings according to contract; but the referee held that the certificate was conclusive, and rejected the evidence.

From the judgment entered upon the report of the referee the defendant appealed to the General Term, and from the affirmance of that judgment to this court.

*Robert W. Andrews*, for the appellant.

*A. B. Millard*, for the respondents, cited *Martin* v. *Leggett* (4 E. D. Smith, 255); *Smith* v. *Brady* (17 N. Y., 176);

*Butler* v. *Tucker* (24 Wend., 449, and cases there cited); *Stuart* v. *Ketletas* (36 N. Y., 388); *Bloodgood* v. *Ingoldsby* (1 Hilt., 392); *Crary* v. *Sprague* (12 Wend., 41).

EARL, C. It does not appear, from the evidence, that there were any alterations, deviations, additions or omissions from the contract, under article third of the contract; and, hence, there was no dispute as to extra work, or work omitted, to be settled as provided in article fifth. The work provided for in the contract was to be done under the direction and to the satisfaction of the architects. The last payment was not to be made until the plaintiffs obtained the certificate of the architects to the effect that all the work was completely finished. Both parties agreed to abide by the determination of the architects. The plaintiffs were bound, as a condition preceꓸ dent to final payment by the defendant, to procure the certifi᠎ cate (if it was not impracticable to get it without their fault); and, whenever they did get it, the defendant was bound to pay, unless he could show that the certificate was obtained by fraud or mistake. There was no attempt to show that the certificate was not given in good faith; and it concludes the rights of both parties. (*Butler* v. *Tucker*, 24 Wend., 449; *Smith* v. *Brady*, 17 N. Y., 176; *Stuart* v. *Keteltas*, 36 id., 388.)

It is claimed, however, that the certificate is not in proper form, because it does not, in terms, certify that "the work was completely finished." If there was no other answer to this, it would be a sufficient answer that the defendant did not place his objection to pay on this ground. He paid $1,000, without any objection to the form of the certificate, and finally objected to paying any more because the work was not completed according to contract. But the certificate is, in sub· stance, all that the contract requires. Plaintiffs were entitled to the $1,800 when the architects should certify to the effect that the work was all completely finished, and not before. The architects certified that the last payment was due according to the contract. This is clearly the same, in effect, as if

the architects had certified that the work was all completely done, and that the builders were entitled to the last payment. The contract prescribes no precise form for the certificate; and all that was required was, that the certificate should be, in effect, what the contract required.

The judgment should, therefore, be affirmed, with costs.

All concur for affirmance.

Judgment affirmed, with costs.