McManus v. Gavin.

JOHN McMANUS, Respondent, *against* MICHAEL GAVIN, Appellant.

(Decided April 1st, 1878.)

The statute (L. 1851, c. 134, § 33) which provides that "no surveyor shall give evidence in any cause depending in any of the courts of the State, or before arbitrators, respecting the survey or measurement of lands which he may have made, unless such surveyor shall make oath, if required, that the chain or measure used by him was conformable to the standards which were the standards of the State at the time such survey was made," does not apply to a surveyor who is called merely to prove the cubical contents of an excavation which he has measured,— a matter which involves only a mathematical computation from measurements that might be made by any one, whether a surveyor or not.

[*] The judgment here was affirmed by the Court of Appeals, January 28th, 1879.

APPEAL from a judgment of this court in favor of plaintiff for $1234 20. entered on the verdict of a jury; also, appeal from order denying motion for new trial.

The action was to recover $1063 and interest from April 15th, 1876, balance due for excavating 1903 cubic yards of rock under an agreement in writing, by which it was provided that $1 50 should be paid for each cubic yard excavated, "the amount of yards to be tested by a surveyor agreeable to both parties, * * * * the amount of work done to be determined by the surveyor's estimate."

The defence was, that the work had not been performed; that no certificate or estimate of a surveyor had ever been furnished as required by the agreement.

A single point was raised upon this appeal : Whether it was error to admit the evidence of Joseph G. L. Smith, a city surveyor, as to his measurement and estimate of the number of cubic yards excavated by plaintiff, it appearing that the measuring rod and steel tape used by the surveyor had not been compared with the standard of the State. (L. 1851, c. 134, § 33; 3 Edm. Stat. 870.)

George Hill, for appellant.

James M. Smith, for respondent.

JOSEPH F. DALY, J.—How the question now presented to us arose under the pleadings is not very clear.    The agreement of the parties required that a surveyor agreeable to both parties should test the amount of yards excavated, and the amount of work done should be determined by his estimate. The certificate of the surveyor under that agreement would be conclusive upon the parties unless attacked for fraud. ( Wyckoff v. Meyers, 44 N. Y. 143.)    Plaintiff is bound to produce to defendant the certificate of estimate by the surveyor agreed on, or satisfactory to defendant, before he would be entitled to recover (Barton v. Herman, 11 Abb. N. S. 378, and cases cited), and defendant is equally bound to pay upon that certificate.    The parties having established the authority or tribunal to determine the amount of work done, and con-

sequently the amount of payment due, should be held to their stipulation, and not be permitted to dispute, without proof of bad faith, the decision rendered in accordance with it. (*Butler* v. *Tucker*, 24 Wend. 477; *Smith* v. *Brady*, 17 N. Y. 173.) The complaint alleges that the work was tested and certified to by Joseph G. L. Smith, city surveyor; that the plaintiff excavated 1903 cubic yards, which, at $1 50 per yard, amounted to $2854, of which the defendant has paid but $1791, leaving $1063 due. The written agreement was annexed to the complaint, and it was further alleged in the latter that plaintiff had fulfilled all the covenants and conditions incumbent upon him by said agreement. All this defendant denies, and sets up "as a full and complete defense to this action, that the said plaintiff has never at any time furnished to him a certificate or estimate of a surveyor agreeable to this defendant of the amount of work done by said plaintiff, as required by the terms of said agreement. And this defendant further avers that neither the plaintiff, nor any one on his behalf, has ever presented to him an estimate of a surveyor of the amount of work done by the said plaintiff under said agreement." The case comes before us upon a mere bill of exceptions, and contains only so much of the evidence as is necessary to present fully the single exception taken by defendant, viz.: to the admission of the testimony of Smith, the surveyor, as to the amount of rock excavated on the ground that his rod and tape had not been compared with the State standards. Under the pleadings the principal issue was, whether a surveyor agreeable to both parties had been selected, and whether he had estimated and testified the work done as provided by the agreement. No proof whatever on that point is found in the case, and without it plaintiff could not recover, unless the production of the certificate had been waived. But no error whatever is assigned on that ground. It is not contended that there was not sufficient evidence to sustain the verdict.

As the evidence of Mr. Smith, the surveyor, was admitted by the court to show the amount of work done, it is to be presumed that the testimony was material in some aspect of

the case, and of the previous proof, and if so, the exception to the admission of his evidence must be considered.

The statute (L. 1851, c. 134, § 33) provided as follows: "No surveyor shall give evidence in any cause depending in any of the courts of the State, or before arbitrators, respecting the survey or measurement of lands which he may have made, unless such surveyor shall make oath, if required, that the chain or measure used by him was conformable to the standards which were the standards of the State at the time such survey was made."

This provision is part of the act respecting weights and measures. The learned judge who presided at the trial correctly held that as no "survey" was the subject of the proposed proof, and the question before the court had no reference to metes and bounds, the evidence was not as to "the survey or measurement of lands," and the statute did not apply; that this was a mere mathematical calculation of the cubic contents of a certain rock excavation, and any person was competent to prove it, whether he were a surveyor or not.

It was not necessary to call a surveyor to prove the fact of the number of yards excavated. It *was* necessary to show a surveyor's estimate under the agreement; but the parties had evidently got beyond that issue, and were trying the question as to the actual amount of excavating done, and the plaintiff was not bound to call a surveyor for that purpose. If any person capable of making a measurement and calculation could have been called, and his evidence would be proper, although he had no compared standard to go by in his measurement, there could be no objection to such witness, because he was a surveyor and had measured by a tape line which had not been verified by the standards.

The judgment and order denying motion for new trial should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.*

* The judgment here was affirmed by the Court of Appeals, April 8th, 1879.