### GAY v. HASKINS.

(Superior Court of Buffalo, General Term. January 10, 1895.)

**1. BUILDING CONTRACTS—FINAL CERTIFICATE OF ARCHITECT.**

A contract for putting a heating apparatus into a house provided for a payment when part of the work was done, another payment when the work was completed, and the balance of the contract price in 30 days from the second payment. The contract also provided that the payments should be made on the architect's certificate that the work had been done to his satisfaction, and that only the final certificate and final payment should be conclusive evidence of the performance of the contract, either wholly or in part. After the work was completed, the architect gave a certificate that the contractor was entitled to the second payment "as per contract." *Held*, that such certificate was not the final certificate contemplated by the contract.

2. SAME—CONSTRUCTION—INDEPENDENT UNDERTAKING.

> A contract to put in a heating apparatus provided for payments as the work progressed, such payments to be made on the architect's certificate that the work was satisfactorily done. The specifications guarantied the apparatus to warm the house 'to a certain temperature. *Held*, that the guaranty was an independent undertaking, a breach of which could constitute defense in an action by the contractor for the contract price; though the architect had given a certificate that the work was done to his satisfaction.

Appeal from equity term.

Action by Louis W. Gay against Earl D. Haskins to foreclose a mechanic's lien. There was a judgment in favor of plaintiff (30 N. Y. Supp. 191), and defendant appeals. Reversed.

Argued before TITUS, C. J., and WHITE, J.

Platt & Sanger, for appellant.

George Sawyer, for respondent.

TITUS, C. J. This action was brought to foreclose a mechanic's lien filed by the plaintiff on the 22d day of July, 1892. The plaintiff and defendant entered into a contract by which the plaintiff was to furnish and set up complete a furnace of sufficient heating capacity to heat defendant's house, and complete same in a good and workmanlike manner. The contract provided that the sum of $1,045 should be paid to the contractor (plaintiff) in installments, as follows: $470 when the rough piping was in; $470 when the entire apparatus was set up and completed; and the balance ($105) 30 days from the last payment, and within 30 days after the contract was completely finished,—providing that in each of said cases the architect should certify in writing that all the work had been done to his satisfaction. It is further provided by the contract that no certificate given or payment made under this contract, except the final certificate and final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, against any claim of the owner. On November 21, 1892, the architect gave a certificate in the following language: "November 20, 1892. E. D. Haskins: Louis W. Gay, contractor for heating, is entitled to the second payment of $470, as per contract. Amount previously paid, $470. Amount of contract, $1,-045.00. John S. Rowe." This sum was paid, and receipted for by the plaintiff, on the 22d day of November, leaving the final installment of $105 unpaid. No other or further certificate was given, and no final certificate, as required by the contract, was given, unless this one can be so considered. This becomes important when we consider that the plaintiff in the specifications guarantied that the apparatus would warm the rooms to which radiation is conducted to 70° Fahrenheit in the coldest winter weather. The work was to be done according to the drawings and specifications, and they became a part of the contract, and must be resorted to to determine whether the certificate given November 21st was the final certificate contemplated by the contract. The provision deferring the final payment of $125 for 30 days was probably intended for the purpose of affording the owner and architect time and opportunity to determine whether the work was completed according to the terms of the con-

tract, before he could truthfully certify that the work was done to his satisfaction. This is especially the case when the sufficiency of the heating must be determined within the 30 days limited by the contract. Hence the contract provides, as I understand it, that, before the final payment of $105 becomes absolutely payable, the architect must certify in writing that all the work upon the performance of which the payment became due has been done to his satisfaction. The certificate of the architect given to secure the second payment of $470, while not in the language of the contract, is probably a sufficient compliance with its terms, under the authorities. Wyckoff v. Meyers, 44 N. Y. 145; Snaith v. Smith (Com. Pl. N. Y.) 27 N. Y. Supp. 379. And a certificate was required, by the terms of the contract, before the last installment became payable, before the defendant would be absolutely concluded from setting up the defense that the work was not in accordance with the terms of the contract. If the architect had given the final certificate,—the third one required by the contract,—that the work was done to his satisfaction, it would have been conclusive upon that question, in the absence of fraud or mistake. Wyckoff v. Meyers, supra. But the giving of such a certificate by the architect is a condition precedent to the absolute right of enforcing payment of the final installment. Wangler v. Swift, 90 N. Y. 38. It seems to me, therefore, that the court erred in ruling that the defendant's evidence tended to show that the work was not completed in accordance with the terms of the contract, and that he had sustained damage by reason thereof. The court below seems to have taken the view that the plaintiff was entitled to his pay as long as the work of the contractor was done, and that no final certificate was required. It does not seem to me, from a reading of the contract, that this position can be maintained. The plaintiff, before he can recover, must produce the architect's final certificate, as required by the contract, that the work has been done to his satisfaction. Another reason why we think the judgment should be reversed is that the guaranty contained in the specifications is an independent undertaking, and has nothing to do with the performance of the work; and, at all events, whether the plaintiff had procured the final certificate of the architect or not, it was competent for the defendant to allege and prove that the furnace did not supply the heat which it was agreed it should do by the contractor, and that it would warm the rooms to which radiation is conducted to 70° Fahrenheit in the coldest winter weather. We think the court erred in excluding the testimony which the defendant offered, tending to show that the furnace did not perform the work which the plaintiff agreed by his contract that it should do. The judgment appealed from should therefore be set aside; and a new trial ordered, with costs to abide the event of the action.

WHITE, J. (concurring). By the contract between the parties the heating apparatus was to be completed as soon as it reasonably could be, and was in fact completed prior to December 22, 1892. All the work and material used was satisfactory to the defendant, and the whole price of the apparatus became due and payable on January 22,

1893. The contract for the work guaranties that the apparatus will warm all rooms to which radiation is set to 70° Fahrenheit, in the coldest winter weather. The defendant pleaded, and on the trial offered to prove, a breach of this guaranty. The evidence was excluded, on the ground that the work and material used in constructing the heating apparatus complied in all respects with the contract, and that, therefore, the plaintiff had performed this guaranty. To be more literally exact, the trial court held that the parties by the contract made the architect an arbiter of the question as to whether the warranty had been fulfilled by the plaintiff, and that the certificate of the architect that all the work had been completed to his satisfaction, and in accordance with the contract, conclusively establishes the fact of such fulfillment. I am of the opinion that there is no connection between the certificate of the architect and the guaranty by the plaintiff. The two things are independent of each other. There is nothing in the contract by which the architect is called upon to judge or pass upon the heating capacity of the apparatus. His province is solely that of judge and arbiter between the parties as to the correspondence of the apparatus in material, workmanship, and structure with the contract. The guaranty in question by the plaintiff has no relation to any of those things, but solely to the heating capacity of the apparatus. Assuming, then, that a breach of this guaranty is sufficiently pleaded,—and that does not appear to be disputed,—it follows that the exclusion of evidence on the part of the defendant in support of his claim for a breach of this guaranty by the plaintiff was error. That the work and material used in and that the apparatus corresponded physically in all particulars with the contract is not open to dispute; but whether the apparatus, when completed, failed to fulfill the guaranty, is; and, if it fail in that regard, a cause of action for its breach immediately accrues in favor of the defendant. As the case does not contain all the evidence, the findings of fact by the trial court are conclusive; but the exclusion of defendant's evidence in support of his counterclaim for breach of warranty is a question of law, and subject to review here. The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.