Per Curiam.
 

 The contract provides for “final payment” upon issuance by the architects of a “ final certificate ”. This being so, the certificate, when issued, is conclusive and decisive on the rights of the parties, obligating the defendant, Sapphire Realty Co., to pay the amount fixed by the architects unless it can show that the certificate was obtained by fraud or mistake. (See
 
 Glacius
 
 v. Black,50 N. Y. 145, 151;
 
 Wyckoff
 
 v.
 
 Meyers,
 
 44 N. Y. 143,145.)
 

 
 *19
 
 As to the defendants’ objections to the form of the certificate, taken for the first time in this court, we need merely say that the architects sufficiently complied with the contract’s requirements when, titling the certificate “Final Payment ”, they certified that Hughes (the plaintiff herein) “ is entitled ” to the payment of the sum of $100,383.90. In view of that certification, it verges on the sophistical to urge, as the defendants have, that the certificate is deficient because it fails explicitly to recite that the architects found the building properly and fully completed and that they had inspected it and found it “ acceptable ”. As a reading of the contract between the parties establishes, it makes the final payment certificate dependent upon the architects’ finding the work “ acceptable ”. All this, and far more, is subsumed by the architects’ use of the phrase that the contractor Hughes “ is entitled ” to the “ final payment ” due and owing on the contract. (See
 
 Wyckoff
 
 v.
 
 Meyers,
 
 44 N. Y. 143,145-146,
 
 supra.)
 

 It is equally captious for the defendants to attack the architects’ final certificate on the further ground that it refers to the building as “ being constructed ” rather than “ completed As already indicated, the certificate was to issue, according to the contract itself, only if the building had been inspected by the architects and only if they had found the work “ acceptable under the Contract and the Contract fully performed ’ ’. Accordingly, the very issuance of the certificate demonstrated not only completion of the building, but also its ‘ ‘ inspection ’ ’ by the architects and their approval of the work as
 
 [1]
 
 ‘ acceptable ’ ’.
 

 We merely add, for we believe it sheds some light on the
 
 bona fides
 
 of the defense, that the final payment certificate was issued on July 19, 1960, several months after a certificate of occupancy had been issued for the building and the defendants had gone into possession.
 
 [1]
 

 In sum—the architects, in fulfillment of their duties and powers, made a final inspection, found the work acceptable and the contract fully performed and certified that the plaintiff was entitled to “final” payment of the amount still unpaid. The objections to the form of the certificate are without sub
 
 *20
 
 stance and the courts below were fully warranted in granting partial summary judgment.
 

 The judgment appealed from should be affirmed, with costs.
 

 Chief Judge Desmond and Judges Fuld, Burke and Foster concur in
 
 Per Curiam
 
 opinion; Judges Dye, Froessel and Van Voorhis dissent and vote to reverse upon the ground that triable issues of fact were presented by the pleadings and affidavits as to the conclusiveness of the architects’ final certificate of damage on the issue of performance, and value of the work, as well as to the propriety, reasonableness and necessity of the expenditures and the extent of rebates received, all solely within the knowledge of respondent, who by this cost plus contract had expressly placed itself in a “ trust and confidence ” relationship. Accordingly, the motion for partial summary judgment should be denied.
 

 Judgment affirmed.
 

 [1]
 

 . The other contentions advanced by the defendants have been considered and found without merit.