■ TISHMAN CONSTRUCTION CORPORATION, INC., Respondent, v CITY OF NEW YORK, Appellant. (And a Third-Party Action.) [643 NYS2d 589]

This appeal concerns the termination of a construction management contract between the parties, which was entered into in 1987 and thereafter amended in 1990 and 1991. The City terminated the agreement in 1992 under section 15 of the agreement, which permitted the City to terminate plaintiff's services "with or without cause," and limited plaintiff to recovering only those "payments * * * due and payable" on the date of termination. Plaintiff thereupon brought this action for payment under various provisions of the contract, and the City counterclaimed for damages incurred to cure plaintiff's alleged breach as well as for alleged overpayments. Each side moved for partial summary judgment. The IAS Court granted plaintiff's motion to dismiss the City's counterclaims and denied the City's motion to dismiss several of the causes of action alleged in the complaint because, as to those at issue on this appeal, a question of fact had been raised.

For the reasons stated in the opinion of the IAS Court, we

agree that the City's termination of plaintiff's services under section 15 of the agreement precludes the City from raising its counterclaims under the agreement. Had the City wished to pursue these claims, plaintiff should have been terminated under section 16 of the agreement, which provides for recouping the expense of curing plaintiff's default. Where the City elects to terminate for convenience, as provided in section 15, whether with or without cause, it cannot counterclaim for the cost of curing any alleged default (see, *Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.*, 180 AD2d 222, 233). However, to the extent that the City can show that overpayments were made on a theory of fraud or mistake, rather than under the terms of the contract, it may do so (*Nasuf Constr. Corp. v State of New York*, 185 AD2d 305), and it is to this limited extent that we reinstate the second counterclaim.

We note that the City cannot prevail by citing sections 20.4 ("All Defenses Reserved") and 21.2 ("No Waivers") for the proposition that the City's rights in any and all circumstances were without limitation. Such a sweeping claim—or, rather, disclaimer—defeats the principle that a contract sets forth the respective rights and liabilities between the parties. Similarly, we reject the City's explanation that it is simply too complex to terminate for cause under the provisions of section 16 because of the myriad implications for all concerned of defaulting a contractor. The City cannot incorporate such a section and then, upon litigation of these very provisions, essentially disclaim them. However, as noted by the IAS Court, nothing in its decision affects the City's defenses based on breach of contract principles.

The City's motion for partial summary judgment to dismiss certain causes of action was properly denied upon the finding that, as to the causes of action at issue on appeal, a question of fact had been raised. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.