ALLIED-LYNN ASSOCIATES, INC., Respondent, v ALEX BRO, LLC, Appellant, et al., Defendants. [824 NYS2d 524]—

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered August 15, 2005. The order, insofar as appealed from, granted those parts of plaintiff's motion for partial summary judgment on liability against defendant Alex Bro, LLC and a determination that defendant Alex Bro, LLC is deemed to have waived the right to assert an offset claim for consequential damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, the plumbing and heating subcontractor on a construction project, commenced this action seek-

ing, inter alia, to foreclose the mechanic's lien it filed after the owner of the property, defendant Alex Bro, LLC (Alex Bro), terminated Alex Bro's contract with the general contractor. Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on liability against Alex Bro. Contrary to the contention of Alex Bro, plaintiff submitted evidence establishing as a matter of law that the architect certified the date of substantial completion of the project pursuant to the terms of the contract between Alex Bro and the general contractor, and Alex Bro is bound by the architect's determination (see Savin Bros. v State of New York, 62 AD2d 511, 516 [1978], affd 47 NY2d 934 [1979]; H. M. Hughes Co. v Sapphire Realty Co., 11 NY2d 17, 18 [1962], rearg denied 11 NY2d 888 [1962]). Plaintiff also submitted evidence establishing as a matter of law that Alex Bro breached the contract by failing to comply with the provisions governing termination (see General Supply & Constr. Co. v Goelet, 241 NY 28, 34 [1925], mot to amend remittitur granted 241 NY 507 [1925]; MCK Bldg. Assoc. v St. Lawrence Univ., 301 AD2d 726, 727-728 [2003], lv dismissed 99 NY2d 651 [2003]), and Alex Bro failed to raise a triable issue of fact to defeat that part of plaintiff's motion for partial summary judgment on liability against it (see CPLR 3212 [b]). Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.