MARY ANN ANDERSON, Appellant, v NOTTINGHAM VILLAGE HOMEOWNER'S ASSOCIATION, INC., Respondent and Third-Party Plaintiff. PAV's PAINTING & HOME IMPROVEMENTS et al., Third-Party Defendants-Respondents. [830 NYS2d 882]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 1, 2006. The order denied plaintiff's motion for leave to amend the complaint and granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion insofar as it seeks leave to amend the complaint to assert only a negligence claim for noneconomic damages and to add an additional plaintiff upon condition that plaintiff shall serve a proposed amended complaint within 30 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, water damage allegedly caused by defendant's failure to repair a leak in the roof above plaintiff's unit in a cooperatively-owned townhouse complex. The relationship between the parties is partially governed by defendant's "Maintenance Responsibility Policy" (Maintenance Policy), which places responsibility for maintaining the roof on defendant, but which also provides that the individual unit owners are responsible for "interior water damage." Plaintiff moved for leave to amend the complaint to add her mother, the unit's co-owner, as an additional plaintiff, and to seek damages for property damage and health problems suffered by plaintiff and her mother arising from mold growth in the apartment. Defendant cross-moved for summary judgment dismissing the complaint, contending, among other things, that the business judgment rule insulated it from liability for the failure to repair the roof properly. Supreme Court denied plaintiff's motion and granted defendant's cross motion.

We agree with plaintiff that the business judgment rule does not apply to this case, but we nevertheless conclude that the court properly granted defendant's cross motion. The business judgment rule, upon which the court relied in part in dismissing the complaint, insulates certain decisions made by the managing board of a condominium or cooperative association from judicial review (see 40 W. 67th St. v Pullman, 100 NY2d 147, 153-154 [2003]; Matter of Levandusky v One Fifth Ave. Apt.

*Corp.*, 75 NY2d 530, 537-538 [1990]; *Matter of Irene v Cathedral Park Tower Bd. of Mgrs.*, 273 AD2d 816 [2000], *lv denied* 95 NY2d 764 [2000]). The business judgment rule bars judicial review of the reasonableness of such decisions if the governing board acts within its authority, its action has a legitimate relationship with the purposes of the association, and there is no showing of bad faith, self-dealing, fraud or other misconduct (*see Martino v Board of Mgrs. of Heron Pointe on Beach Condominium*, 6 AD3d 505 [2004]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 9 [1987]). The rule, however, does not apply to this situation because, "while it may be good business judgment to walk away from a contract, this is no defense to a breach of contract claim. Thus, the business judgment rule does not protect [defendant] from liability" for its alleged breach of contract (*Dinicu v Groff Studios Corp.*, 257 AD2d 218, 222-223 [1999]; *see also 40 W. 67th St.*, 100 NY2d at 157 n 8).

Defendant, however, established that plaintiff contractually assumed responsibility for interior water damage resulting from a leaky roof, and thus met its initial burden on the cross motion with respect to the first and second causes of action alleging breach of contract. In opposition, plaintiff failed to raise a triable issue of fact with respect to that issue. In addition, the court properly granted defendant's cross motion with respect to the third cause of action alleging that defendant was negligent in its efforts to maintain, repair or replace the roof. That cause of action, although couched in terms familiar to tort claims, does not allege a breach of any legal duty independent of the duty assumed by defendant pursuant to the Maintenance Policy, and is therefore subsumed in the breach of contract causes of action. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Bristol-Myers Squibb, Indus. Div. v Delta Star*, 206 AD2d 177, 179 [1994] [internal quotation marks and citations omitted]; *see Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305 AD2d 1060 [2003]). We thus conclude that the court properly granted defendant's cross motion.

We further conclude, however, that the court abused its discretion in denying plaintiff's motion insofar as it seeks leave to amend the complaint to assert only a negligence claim for noneconomic damages and to add plaintiff's mother as an ad-

ditional plaintiff. We therefore modify the order accordingly. Generally, " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*McFarland v Michel*, 2 AD3d 1297, 1300 [2003], quoting *Letterman v Reddington*, 278 AD2d 868, 868 [2000]; *see* CPLR 3025 [b]; *Nastasi v Span, Inc.*, 8 AD3d 1011, 1013 [2004]), and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see also* CPLR 3025 [b]). The proposed amended complaint seeks to recover damages for property damage and personal injuries allegedly sustained due to a negligent failure to correct dangerous conditions on the premises, of which defendant had actual or constructive notice, and thus sufficiently alleges the breach of a duty of reasonable care independent of defendant's contractual duties and resulting noneconomic damages to set forth a separate claim sounding in tort (*see generally New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 551-552 [1992]; *Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 291-293 [1991]). Furthermore, we reject defendant's contention that the doctrine of laches requires denial of the motion. Plaintiff's delay in seeking leave to amend the complaint, which was due in part to defendant's refusal to accept service of an amended complaint, was not unreasonable, and defendant, aware of the facts underlying the proposed amended complaint since the genesis of the action, did not establish any prejudice arising from the delay (*see generally Edenwald Contr. Co.*, 60 NY2d at 959).

The court properly denied the motion, however, insofar as the proposed amended complaint seeks to recover punitive damages. The alleged conduct of defendant does not rise to the level of "a high degree of moral culpability . . . which manifests a 'conscious disregard of the rights of others' " and does not constitute "willful or wanton negligence or recklessness" so as to justify an award of punitive damages (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203-204 [1990]; *see generally Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Giblin v Murphy*, 73 NY2d 769, 772 [1988]). The part of the proposed amended complaint seeking punitive damages is therefore patently without merit.

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra and Green, JJ.