■ PARAGON RESTORATION GROUP, INC., Appellant-Respondent, v CAMBRIDGE SQUARE CONDOMINIUMS, Respondent-Appellant, et al., Defendants. [839 NYS2d 658]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered July 5, 2006. The order, among other things, denied in part plaintiff's motion for summary judgment and for dismissal of the counterclaims of defendant Cambridge Square Condominiums against plaintiff.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion for dismissal of the counterclaims of defendant Cambridge Square Condominiums against plaintiff in their entirety and dismissing those counterclaims against plaintiff in their entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff entered into a contract to repair the roofs and replace the windows in a series of buildings owned by Cambridge Square Condominiums (defendant) and thereafter

commenced this breach of contract action after defendant terminated the contract and refused to make the payments provided for in the contract. Plaintiff moved for summary judgment on the complaint and for dismissal of defendant's counterclaims against it. Supreme Court granted plaintiff's motion in part, granting plaintiff partial summary judgment on liability and dismissing defendant's counterclaims against it "to the extent that the counterclaim(s) allege that the contract was unenforceable."

Contrary to the contention of defendant on its cross appeal, the court properly granted that part of plaintiff's motion for partial summary judgment on liability. Plaintiff met its initial burden by establishing that defendant terminated the contract without cause, pursuant to a termination for convenience clause, and defendant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the contention of plaintiff on its appeal, however, the court properly denied that part of its motion for summary judgment on damages. Pursuant to the termination for convenience clause, plaintiff is "entitled to receive payment for [w]ork executed, and costs incurred by reason of such termination, along with reasonable overhead and profit on the [w]ork not executed." Although plaintiff met its initial burden by submitting evidence establishing the amount of its profits and overhead, defendant raised an issue of fact whether the profits were reasonable by submitting the affidavit of a construction expert stating that the profits claimed by plaintiff were excessive (*see generally Zuckerman*, 49 NY2d at 562).

We agree with the further contention of plaintiff that the court should have dismissed defendant's counterclaims against it in their entirety, and we therefore modify the order accordingly. We conclude that the first counterclaim should have been dismissed against plaintiff to the extent that it sought an offset for the costs of completing the project because, "[w]here [defendant] elects to terminate for convenience . . . , whether with or without cause, it cannot counterclaim for the cost of curing any alleged default" (*Tishman Constr. Corp. v City of New York*, 228 AD2d 292, 293 [1996]; *see Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.*, 180 AD2d 222, 233 [1992]). We further conclude that the second counterclaim should have been dismissed against plaintiff in its entirety inasmuch as defendant's allegations of fraud and negligence arise solely from contractual duties (*see generally Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1197 [2007]). "It is a well-established principle that a simple breach of contract is not

to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *see Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305 AD2d 1060, 1061 [2003]).

We have considered the remaining contentions of the parties and conclude that they either are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]), or they are lacking in merit. Present—Scudder, P.J., Martoche, Centra and Peradotto, JJ. [*See* 14 Misc 3d 1236(A), 2006 NY Slip Op 52579(U) (2006).]