■ DANIEL C. BRYNDLE, Appellant, v SAFETY-KLEEN SYSTEMS, INC., Respondent. [914 NYS2d 839]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered December 3, 2009 in a breach of contract action. The order, among other things, granted defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of defendant's cross motion for summary judgment dismissing the breach of contract claim insofar as it concerns the 2002 compensation plan and granting that part of plaintiff's motion for leave to amend the complaint with respect to the breach of contract claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover unpaid commissions and bonuses that he allegedly earned during his employment with defendant and that were owed to him under his 2002 and 2003 compensation plans with defendant. Plaintiff thereafter moved for leave to amend his complaint, and defendant cross-moved for summary judgment dismissing the complaint, alleging that, even as amended, plaintiff is not entitled to the relief sought therein.

Addressing first defendant's cross motion for summary judgment dismissing the complaint, we conclude that Supreme Court properly granted that part of the motion with respect to any

claims of fraud. " 'The addition of an allegation of scienter will not transform a breach of contract action into one to recover damages for fraud' " (*Ellis v Whippo*, 262 AD2d 1055 [1999]). The court erred, however, in granting that part of defendant's cross motion with respect to the breach of contract claim insofar as it concerns the 2002 compensation plan, and we therefore modify the order accordingly. Defendant failed to meet its initial burden with respect to that part of the breach of contract claim, inasmuch as it submitted no evidence of plaintiff's 2002 compensation (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant thus failed to establish either that plaintiff was paid in accordance with the 2002 compensation plan or that his right to payment never accrued under the plan. The court properly granted that part of defendant's cross motion with respect to the breach of contract claim concerning the 2003 compensation plan, however. In particular, the 2003 compensation plan provided that plaintiff would be paid a bonus upon meeting a sales quota, but the uncontroverted charts in the record reflecting plaintiff's 2003 sales quota establish that, with the exception of one sales period, plaintiff never met his sales quota and thus failed to qualify for a bonus under the compensation plan. Furthermore, under the 2003 plan, commissions were paid only for technical field services project work and new sales. Inasmuch as plaintiff admits that another employee made the sales, plaintiff was not entitled to commissions under that plan.

Contrary to the contention of plaintiff, the court properly denied those parts of his motion for leave to amend the complaint seeking to add a cause of action for intentional tort as well as further allegations with respect to the existing cause of action for fraud, inasmuch as that proposed cause of action and the further allegations were "patently lacking in merit" (*Green v Passenger Bus Corp.* [appeal No. 2], 61 AD3d 1377, 1378 [2009]; *see Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198 [2007], *amended on rearg* 41 AD3d 1324 [2007]). We conclude, however, that the court abused its discretion in denying that part of plaintiff's motion for leave to amend the complaint with respect to the breach of contract claim, and we therefore further modify the order accordingly. The additional allegations asserted in the proposed amendment have long been known to defendant, and thus defendant cannot be said to be prejudiced by the delay (*see Anderson*, 37 AD3d at 1198). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.