In an action, inter alia, to recover damages for breach of contract, the defendant Fountainhead Construction, Inc., appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered February 4, 2011, which denied its motion for summary judgment dismissing, in effect, so much of the first cause of action as sounds in breach of contract, and so much of the second cause of action as sounds in breach of warranty, insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Fountainhead Construction, Inc., which was for summary judgment dismissing, in effect, so much of the second cause of action as sounds in breach of warranty insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
Contrary to the Supreme Court’s determination, the defendant Fountainhead Construction, Inc. (hereinafter Fountainhead), established its prima facie entitlement to judgment as a matter of law dismissing, in effect, so much of the second cause of action as sounds in breach of warranty insofar as asserted against it by demonstrating that the plaintiff waived his right to assert a breach of warranty claim under the terms of the subject contract (see Allied-Lynn Assoc., Inc. v Alex Bro., LLC, 18 Misc 3d 1147[A], 2005 NY Slip Op 52362[U], *5 [2005], affd 34 AD3d 1247 [2006]; Arnold v New City Condominiums Corp., 78 AD2d 882, 882-883 [1980]). In opposition to Fountainhead’s prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of Fountainhead’s motion.
However, Fountainhead failed to establish its prima facie entitlement to judgment as a matter of law dismissing, in effect, so much of the first cause of action as sounds in breach of contract insofar as asserted against it. This portion of the first cause of action alleges that Fountainhead breached its contrac *1020 tual obligation, separate and apart from its obligations under the warranty provision, to use certain materials for decking and interior wood flooring in its renovation of the plaintiffs home (see Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1075-1076 [2007]; Ting-Wan Liang v Malawista, 70 AD2d 415, 419 [1979]). Accordingly, the Supreme Court properly denied that branch of Fountainhead’s motion. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.