# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**715**
**CA 13-01413**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

KAREN MCGRATH AND STEVEN K. FOLEY,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

TOWN OF IRONDEQUOIT, DEFENDANT-APPELLANT.

---

LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

JOHN P. LOMENZO, JR., PENFIELD, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie
Taddeo, J.), entered April 8, 2013.  The order granted the motion of
plaintiffs for leave to serve a second amended complaint and to vacate
the note of issue and certificate of readiness.

It is hereby ORDERED that said appeal from the order insofar as it
concerns the note of issue and certificate of readiness is unanimously
dismissed and the order is affirmed without costs.

Memorandum:  This action arises from a landslide that occurred on
a steeply-sloped parcel of real property owned by defendant, and which
allegedly caused part of plaintiffs' adjacent property to subside.
Plaintiffs seek damages for diminution of value and the cost of repairs
to their property, asserting that defendant created and negligently
maintained a private nuisance resulting in the landslide.  Supreme Court
granted plaintiffs' motion for an order vacating the note of issue and
certificate of readiness and for leave to serve a second amended complaint.

We note at the outset that we dismiss the appeal from the order insofar
as it granted that part of plaintiffs' motion seeking to vacate the note
of issue and certificate of readiness.  On appeal, defendant seeks, inter
alia, reinstatement of the note of issue and certificate of readiness,
but a postargument submission by plaintiffs' attorney establishes that
a new note of issue and certificate of readiness have been filed.
Consequently, "we conclude that the rights of the parties cannot be
affected by the determination of [that part of the] appeal[,] and it is
therefore moot" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *see
generally Matter of Anonymous v New York City Health & Hosps. Corp.*, 70
NY2d 972, 974, *rearg denied* 71 NY2d 994).

Contrary to defendant's contention, we also conclude that the court
properly granted that part of the motion seeking leave to serve a second

amended complaint. "Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198, *amended on rearg* 41 AD3d 1324 [internal quotation marks omitted]; *see* CPLR 3025 [b]).  Although plaintiffs did not make the motion promptly after service of the note of issue and certificate of readiness, it is well settled that " '[m]ere lateness is not a barrier to the amendment.  It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477).  "Prejudice requires 'some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position' " (*Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365).  Here, defendant failed to establish any prejudice arising from plaintiffs' lateness, and thus the court properly granted plaintiffs leave to serve a second amended complaint.

Entered:  August 8, 2014                    Frances E. Cafarell
                                            Clerk of the Court