Black Riv. Plumbing, Heating & A.C., Inc. v Board of Educ. Thousand Is. Cent. Sch. Dist. (2019 NY Slip Op 06321)





Black Riv. Plumbing, Heating & A.C., Inc. v Board of Educ. Thousand Is. Cent. Sch. Dist.


2019 NY Slip Op 06321


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


663 CA 18-02121

[*1]BLACK RIVER PLUMBING, HEATING AND AIR CONDITIONING, INC., PLAINTIFF-APPELLANT-RESPONDENT,
v
BOARD OF EDUCATION THOUSAND ISLANDS CENTRAL SCHOOL DISTRICT, AND THOUSAND ISLANDS CENTRAL SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS-APPELLANTS. 






BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
TABNER, RYAN & KENIRY, LLP, ALBANY (BRIAN M. QUINN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered January 23, 2018. The order denied plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment on the first counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's motion in part with respect to liability on the first cause of action and with respect to the first counterclaim and dismissing that counterclaim, and as modified the order is affirmed without costs.
Memorandum: Plaintiff entered into a contract to install a pellet boiler heating system in a school owned and operated by defendant Thousand Islands Central School District and thereafter commenced this action when defendants terminated the contract and refused to make the remaining payments. Defendants answered and asserted three counterclaims, including one seeking a determination that plaintiff substantially breached the contract and that defendants properly terminated plaintiff (first counterclaim). Plaintiff moved for partial summary judgment on liability on its breach of contract cause of action and for summary judgment dismissing defendants' counterclaims, and defendants cross-moved for summary judgment on their first counterclaim. Supreme Court denied the motion and cross motion, and now plaintiff appeals, and defendants cross-appeal.
Addressing the appeal and the cross appeal, we conclude that plaintiff met its initial burden of establishing that defendants failed to follow the termination for cause procedures in the contract when they, inter alia, did not provide plaintiff seven days to cure deficiencies before terminating the contract, and defendants failed to raise a triable issue of fact with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Where a contract provides that a party must fulfill specific conditions precedent before it can terminate the agreement, those conditions are enforced as written and the party must comply with them" (O'Brien & Gere, Inc. of N. Am. v G.M. McCrossin, Inc., 148 AD3d 1804, 1805 [4th Dept 2017] [internal quotation marks omitted]). Here, defendants' failure to allow plaintiff the requisite time to cure before terminating the contract rendered defendants' termination wrongful, and therefore the court erred in denying that part of plaintiff's motion with respect to liability on the breach of contract cause of action (cf. MCK Bldg. Assoc. v St. Lawrence Univ., 301 AD2d 726, 728 [3d Dept 2003], lv dismissed 99 NY2d 651 [2003]; see generally Allied-Lynn Assoc., Inc. v Alex Bro, LLC, 34 AD3d 1247, 1248 [4th Dept 2006]). For the same reason, we conclude that the court properly denied defendants' cross motion and erred in denying that part of plaintiff's motion seeking summary judgment dismissing the first counterclaim. We therefore modify the order [*2]accordingly.
We reject plaintiff's contention on appeal, however, that defendants' second and third counterclaims must necessarily be dismissed because defendants failed to properly terminate the contract. The subject contract did not contain a provision stating that an improper termination for cause shall be deemed a termination for convenience (cf. O'Brien & Gere, Inc. of N. Am., 148 AD3d at 1805). Additionally, contrary to plaintiff's contention, Paragon Restoration Group, Inc. v Cambridge Sq. Condominiums (42 AD3d 905, 906 [4th Dept 2007]) does not support an automatic conversion of an improper termination for cause into one for convenience; indeed, the contract in that matter was terminated "without cause, pursuant to a termination for convenience clause" (id.). Where, as here, the termination is for cause, and not for convenience, a defendant may seek an offset for payments made to third parties to correct the contractor's defaults (see generally General Supply & Constr. Co. v Goelet, 241 NY 28, 34-37 [1925], mot to amend remittitur granted 241 NY 507 [1925]). Inasmuch as defendants may be entitled to an offset, we decline to dismiss their second and third counterclaims.
We have considered the remaining contentions of the parties and conclude that none warrants reversal or further modification of the order.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court