■ FERNANDO G. RUBIO, JR., by His Parent and Natural Guardian, FERNANDO G. RUBIO, et al., Respondents, v. T. JOSEPH REILLY, Appellant.— In a negligence action to recover damages for personal injuries of the infant plaintiff and for medical expenses, etc., of his father, defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County, entered November 8, 1973, against him and in favor of plaintiffs upon the issue of liability, upon a jury verdict at a trial limited to that issue. Interlocutory judgment reversed, without costs, on the law and the facts and in the exercise of discretion, and new trial granted. The infant plaintiff sustained his injuries when he fell from a window in the apartment rented by his parents from defendant. According to testimony most favorable to plaintiffs, defendant knew that the window had a defective lock and he failed to fix it after promising to do so. Having provided plaintiffs with a window lock, defendant was under a statutory duty to keep it in good repair (see Multiple Residence Law, § 174). This proof alone, however, does not cast liability on defendant for the injuries to the infant plaintiff. Proof of negligence alone is not sufficient to make one responsible for another's injuries (see *Martin* v. *Herzog,* 228 N. Y. 164, 170). Evidence must be adduced demonstrating a causal connection between the infant's fall and the defective window lock. The finding implicit in the jury's verdict, that the defective window latch was the proximate cause of the accident, is against the weight of the evidence. We also disagree with the exclusion of certain evidence by the Trial Justice. Plaintiffs offered evidence of the window rapidly lifting up when touched. Although plaintiffs' bill of particulars contained no allegation of the improper operation of the window, defendant failed to object when plaintiffs offered this evidence. After defendant brought out further evidence on this point on cross-examination, he belatedly raised an objection. This objection should have been made when the evidence was offered by plaintiffs and defendant's failure to timely object cannot be cured by a motion to strike the evidence (*Quin* v. *Lloyd,* 41 N. Y. 349;

*Parkhurst* v. *Berdell,* 110 N. Y. 386, 393; Richardson, Evidence [10th ed.], § 537). The jury, which heard extensive testimony concerning the improper operation of the window, should have been permitted to reach a determination based upon that evidence. They could have found that by failing to fix the rapidly lifting window, defendant breached his statutory duty to keep the apartment in good repair. Moreover, the jury could find that the rapidly lifting window, if the evidence of that were believed by them, was a proximate cause of the accident. Accordingly, a new trial should be had, with a special verdict rendered by the jury as to whether the defective lock or the improper operation of the window was the proximate cause of the infant's injury. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.