■ LOUIS GREENE, Respondent, v VIJAX FUEL CORP., Defendant and Fourth-Party Plaintiff-Appellant, and GOMEZ REALTY CORPORATION, Defendant and Third-Party Plaintiff-Appellant, NANCY BETH THEATRE CORP., Third and Fourth-Party Defendant-Respondent. — In an action to recover damages for personal injuries sustained when an oil burner exploded, defendant and fourth-party plaintiff Vijax Fuel Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Hirsch, J.), dated August 11, 1982, as (1) is in favor of plaintiff and against it in the sum of $600,000 and (2) dismissed its fourth-party action against Nancy Beth Theatre Corp., the lessee of the building where the accident occurred.

Defendant and third-party plaintiff Gomez Realty Corp. appeals from so much of the same judgment as dismissed its third-party action against Nancy Beth Theatre Corp.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

"A Trial Judge's decision to set aside a verdict as contrary to the weight of the evidence should be viewed on appellate review with liberality in recognition of the fact that such a determination 'involves what is in large part a discretionary balancing of many factors' " (*Durante v Frishling*, 81 AD2d 631, citing *Cohen v Hallmark Cards,* 45 NY2d 493, 499). Here, the trial court properly set aside that part of the verdict which apportioned 50% of the liability to defendant Gomez, as there was virtually no evidence on the record from which the jury could have reasonably concluded that Gomez had been given any notice of the dangerous condition of the boiler and had failed to correct it. Similarly, the court properly dismissed defendant Vijax's fourth-party action against the Nancy Beth Theatre Corp., as it appeared from the evidence that the latter called Vijax to repair the boiler each time it malfunctioned, and the defects in the boiler being latent, only Vijax knew or should have known that its repairs had not rendered the boiler safely operable. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.