■ ALAN F. SHORT, Respondent, v WILLIAM F. SHORT et al., Appellants. (Appeal No. 1)—Judgment unanimously affirmed with costs. Memorandum: We reject defendants' argument that the evidence was insufficient to support the verdict. Plaintiff, Alan Short, and his wife worked full time for several years at a golf course and country club owned by his parents, and he brought this action on the theory of an implied contract to recover for services rendered. Ordinarily, a prom-

ise to pay for services rendered will not be implied where the services are rendered by one member of a family for another. Services between members of a family, however, may be of such a character and extent as to exclude the idea of a gratuity (66 Am Jur 2d, Restitution and Implied Contracts, § 42). Here the services were extensive and were not those ordinarily performed by an adult son for his parents without the expectation of payment and were not those that parents would expect to receive without payment. Under the circumstances, the jury could properly find that plaintiff could not reasonably be expected to supply these extraordinary and extensive services solely out of affection for his parents.

Defendants argue for the first time on appeal that a letter sent to plaintiff by his parents should not have been received in evidence because it contained an offer of compromise. At trial defendants did not object to its admission on that ground, but solely on the ground that the letter was not in the father's handwriting. "[A] specific objection placed on an untenable ground waives all other valid grounds which might have been but were not raised." (Fisch, New York Evidence § 20, at 12-13 [2d ed 1977]; *see also, People v Qualls,* 55 NY2d 733; *People v Gonzalez,* 55 NY2d 720; *rearg denied* 55 NY2d 1038, *cert denied* 456 US 1010).

The other issues raised by defendants are without merit. (Appeal from judgment of Supreme Court, Allegany County, Feeman, J.—breach of implied contract.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.