(November 16, 1989)

■ FLAH'S, INC., Respondent, v RICHARD ROSETTE ELECTRIC, INC., et al., Appellants, and BALCOR REALTY INVESTORS 75, Doing Business as MOHAWK MALL SHOPPING CENTER, Respondent, et al., Defendants. (Action No. 1.) GARY A. SMITH, Respondent, v PEMBROOK ELECTRIC COMPANY, INC., et al., Appellants, and BALCOR REALTY INVESTORS 75, Doing Business as MOHAWK MALL SHOPPING CENTER, Respondent, et al., Defendants. (And a Third-Party Action.) (Action No. 2.)—Harvey, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered August 3, 1988 in Albany County, upon a verdict rendered in favor of plaintiffs against certain defendants.

These actions arose out of an accident which occurred at the Mohawk Mall Shopping Center in Schenectady County. It was alleged that an electrical explosion which occurred in a switchboard located in the utility room was caused by the negligence of defendant L. H. Swyer Company (hereinafter Swyer) as general contractor in the construction of the mall, defendant Pembrook Electric Company, Inc. (hereinafter Pembrook) as the electrical subcontractor in the construction of the mall, and defendant Richard Rosette Electric, Inc. (hereinafter Rosette), regularly called upon for electrical maintenance.

On March 23, 1983, plaintiff Gary A. Smith, an electrician employed by Rosette, arrived at the rear utility room of the mall to investigate an electrical problem pertaining to the mall's parking lot lights. Upon examining the circuit breaker panel which controlled the malfunctioning parking lot lights, Smith tested the voltage coming in, removed the wires feeding power to the parking lot and turned the circuit breaker to the "on" position. At that point, the circuit breaker "exploded", a fire started and Smith jumped outside of the room. As a result of this explosion and fire, plaintiff Flah's, Inc., a tenant in the mall, sustained property damage and subsequently brought action No. 1 against the various entities involved in the construction, ownership and servicing of the electrical components and system in the mall. In addition, Smith brought action No. 2 for the personal injuries he sustained in the explosion.

After a bifurcated trial on the issue of liability, the jury held Rosette to be 10% liable, Swyer 30% liable and Pembrook 60% liable. During the trial, several expert witnesses testified concerning the cause of the accident. Among the various theories proposed as to the cause were, for example,

the deteriorated condition of the parking lot circuit breaker due to constant short circuits, the absence of a fuse disconnector switch to protect the panel and an illegal electrical connection. After the presentation of all testimony was completed, defendant Balcor Realty Investors 75 (hereinafter Balcor), the present owner of the mall, moved to dismiss all claims and causes of actions against it. The motion was granted. Rosette, Pembrook and Swyer (hereinafter collectively referred to as defendants) have appealed.

Initially, defendants contend that Supreme Court erred in allowing the engineering expert for Flah's, Robert Persons, to display and refer to a diagram concerning the applicable electrical system and components before it was admitted into evidence. Defendants also argue that the exhibit should not have been admitted at all because it was an inaccurate depiction of the electrical wiring and components. We do not agree. In our view, the subject diagram was, at a minimum, a fair representation of the electrical system and was therefore admissible to explain or illustrate the testimony in order to aid the jury in comprehending the disputed issue (see, Archer v New York, New Haven & Hartford R. R. Co., 106 NY 589; Fisch, New York Evidence § 141, at 81 [2d ed]).

Although the diagram made by Persons differed from the actual electrical layout in that the diagram depicted one electrical line while the actual system had three lines, the difference was discussed and the jury was informed of this fact (see, Kane v County of Cayuga, 254 App Div 613). Significantly, defense counsel was permitted to cross- and re-cross-examine Persons, and defendants have failed to persuasively demonstrate any prejudice which resulted from the use of the diagram (see, supra). Notably, the diagram was essentially a reconstruction of the original electrical plans, which were unavailable (see, Carrols Equities Corp. v Villnave, 57 AD2d 1044, lv denied 42 NY2d 810), and was also authenticated by the testimony of other witnesses besides Persons having knowledge of the electrical layout (see, Kidder v Niagara Mohawk Power Corp., 37 AD2d 1029, 1030). Under those circumstances we do not find that Supreme Court abused its discretion in admitting the exhibit.

Next, we find that Supreme Court did not err in granting Balcor's motion to dismiss. Despite defendants' allegations to the contrary, the record is devoid of any evidence which indicates that Balcor had knowledge of the defective condition or acted affirmatively to create it (see, Greene v Vijax Fuel Corp., 108 AD2d 897, lv denied 65 NY2d 611; Kennedy v

*McKay,* 86 AD2d 597; 79 NY Jur 2d, Negligence, §§ 12, 13, at 321-324, 325). In the instant case, the testimony at trial established that even a diligent inspection by Balcor as the owner would not have disclosed the particular malfunction at issue *(see, Greene v Vijax Fuel Corp., supra).*

We also reject defendants' contention that the jury verdict finding Pembrook to be 60% negligent and finding Smith free from negligence was against the weight of the evidence. With respect to Pembrook's liability, there was sufficient evidence adduced for the jury to conclude that Pembrook, the original installer of the electrical equipment, was responsible for the irregularities and omissions that caused the explosion and that no substantial changes or modifications were made to the circuit breaker subsequent to the work performed by Pembrook. As for Smith's alleged culpable conduct, one expert testified that the electrical situation on the day in question was "an accident ready to happen, a bomb about to go off. * * * [I]t was probably capable of blowing up just by tapping it with a screwdriver". Since the preponderance of the evidence presented here is not contrary to the jury's verdict to the extent that it could not have been rendered by any fair interpretation of the evidence *(see, Hapgood v P & C Food Mkts.,* 149 AD2d 770; *Halvorsen v Ford Motor Co.,* 132 AD2d 57, *lv denied* 71 NY2d 805), defendants' arguments must be rejected.

Finally, we find no reversible error in Supreme Court's charge to the jury as to Pembrook. Viewed in its totality, both the charge and the trial were fair *(see, Osorio v Stuyvesant Oil Burner Corp.,* 50 AD2d 541, 542, *lv denied* 39 NY2d 705).

Judgment affirmed, with one bill of costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.