■ STRATIS GIANAKAKOS, Appellant, v COMMODORE HOME SYSTEMS, INC., Doing Business as COMMODORE HOMES OF PENNSYLVANIA, Respondent. [727 NYS2d 806] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 7, 2000 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

On October 21, 1991, plaintiff took delivery of a manufactured home which he purchased from American Homes of Richfield Springs (hereinafter American). The home was built by defen-

dant and was accompanied by a one-year limited warranty covering the repair and replacement of any defective parts. Plaintiff experienced problems with the pilot light to the home's furnace and made several calls to American requesting that it be repaired. On January 24, 1992, the furnace exploded and was replaced by defendant on January 29, 1992.

Plaintiff, proceeding *pro se*, commenced this action on July 29, 1997 alleging breach of warranty, negligence, breach of contract and strict products liability, as well as violations of Federal and State regulations. Following joinder of issue, defendant moved for summary judgment asserting, *inter alia*, that each ground of recovery was time barred and that the home complied with applicable Federal regulations. Supreme Court granted defendant's motion and dismissed the complaint concluding that the breach of warranty, negligence and strict products liability causes of action were time barred and that plaintiff failed to establish a breach of contract or violation of any Federal or State regulation. On plaintiff's *pro se* appeal, we affirm Supreme Court's order dismissing plaintiff's complaint in its entirety.

Initially, the breach of warranty cause of action is subject to the four-year Statute of Limitations of UCC 2-725 (1) as the contract for the purchase and sale of the home constitutes a contract for the sale of goods (*see,* UCC 2-725 [1]; *Hull v Moore's Mobile Homes Stebra,* 214 AD2d 923, 924). The breach of warranty claim is deemed to accrue when delivery is made unless the warranty explicitly extends to future performance, in which case it accrues "when the breach is or should have been discovered" (UCC 2-275 [2]). Here, the one-year warranty is expressly limited to repair or replacement and did not guaranty performance in the future, i.e., that the product would work for a period of time (*see, St. Patrick's Home for Aged & Infirm v Laticrete Intl.,* 264 AD2d 652, 657; *Hull v Moore's Mobile Homes Stebra, supra*). Accordingly, the claim accrued upon delivery in 1991 and the action, not having been commenced until 1997, is barred by the Statute of Limitations.

Plaintiff's causes of action sounding in negligence and strict products liability are subject to the three-year Statutes of Limitation of CPLR 214 (4) and (5) and accrued upon the date of injury (*see, Snyder v Town Insulation,* 81 NY2d 429, 432; *Brooklyn Union Gas Co. v Hunter Turbo Corp.,* 241 AD2d 505, 506). Here, the complaint appears to allege two causes of injury, the January 24, 1992 furnace explosion and the inadequate insulation which, for purposes of accrual, occurred on the date of delivery in 1991. Applying the three-year Statutes

of Limitation to these dates, we must find that these causes of action are also time barred.

While Supreme Court found that plaintiff failed to state a claim for breach of contract or a violation of any Federal regulation, we find that these causes of action were initiated beyond the applicable Statute of Limitations and were subject to dismissal on that basis. Regarding the breach of contract claim, the complaint alleges that—based upon his discussions with an American representative—plaintiff expected the insulation for the walls of the home to be four inches thick, and defendant's use of 3½-inch thick insulation fell below that expectation. The four-year Statute of Limitations of UCC 2-725 applies to this breach of contract claim and thus is time barred.

The cause of action premised upon violations of Federal regulations is similarly time barred. Insofar as the Federal regulations alleged to have been violated here provide no Statute of Limitations for causes of action arising out of violations thereof (*see,* 42 USC § 5403; 24 CFR part 3280), this Court must borrow the controlling State time limitations for causes of action most analogous to this claim. Here, the Federal regulation-based cause of action sounds in negligence and/or breach of warranty and, consequently, is barred by the applicable three and four-year Statutes of Limitation (*see,* CPLR 214; UCC 2-725).

Plaintiff's claim that the mobile home did not comply with State regulations must be dismissed inasmuch as the Federal regulations governing the construction of manufactured homes (*see,* 42 USC § 5403; 24 CFR part 3280) expressly preempt State legislation establishing standards for safety and construction of homes that differ from Federal standards (*see,* 42 USC § 5403 [d]).

We have considered plaintiff's remaining arguments and, while we sympathize with his misfortunes, his contentions on appeal lack merit. Accordingly, we find that Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiff's complaint.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.