■ ALBERT LIUNI et al., Respondents, v MICHAEL G. HAUBERT, JR., et al., Appellants, et al., Defendant. [734 NYS2d 317] —Mugglin, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 3, 2001 in Ulster County, upon a decision of the court in favor of plaintiffs.

Plaintiffs are the owners of a 9.4-acre parcel in the Town of New Paltz, Ulster County. The parcel does not abut a public highway. Plaintiffs claim a right of access to the parcel by reason of a 15-foot farm lane. In their complaint, they allege that the farm lane crosses premises claimed to be owned by defendants Michael G. Haubert, Jr. and Veronica M. Haubert (hereinafter collectively referred to as defendants). The complaint further alleges that defendants were interfering with plaintiffs' use of the right-of-way and they therefore seek injunctive relief. At trial, the evidence established to Supreme Court's satisfaction that the farm lane, rather than crossing defendants' property, actually is situate in a gore between defendants' property on the north and premises of Frederick Van Nostrand (a nonparty) on the south. Therefore, as the lane did not impact defendants' property, Supreme Court enjoined defendants from interfering with plaintiffs' use of it. Defendants appeal, arguing, *inter alia*, that Supreme Court made a number of erroneous evidentiary rulings.

The first evidentiary ruling involves the admissibility of a survey of the Van Nostrand property. At trial, defendants objected to its admissibility on the ground that "it doesn't relate to this litigation." We agree with Supreme Court's determination that this objection is meritless. On appeal, however, defendants object to the introduction of this survey because the surveyor, Gerald O'Buckley, did not personally perform the field work. This objection is not preserved for our review. " '[A] specific objection placed on an untenable ground waives all other valid grounds which might have been but were not raised' " (*Short v Short*, 142 AD2d 947, 948, quoting Fisch, New York Evidence § 20, at 12-13 [2d ed]). Moreover, were we to consider the present objection, we would also find it meritless. The extent of the participation by the licensed surveyor in the acquisition of the information necessary to prepare the survey is a matter affecting the weight to be given the survey, not its admissibility (*see, Valentine v Smith*, 90 AD2d 919, 920).

Next, defendants contend that the opinion of Patricia Brooks, a licensed surveyor, and the sketch which she prepared based on her comparison of the O'Buckley survey of the Van Nostrand property and a survey of defendants' property prepared

by Richard Barger should not have been received by Supreme Court since it was based on surveys she did not personally perform. Brooks' testimony was based on three visits to the property and the physical evidence that she found there, including remnants of stonewalls and rebars set by the surveyors. Her application of this evidence to the surveys formed the basis for her opinion that the farm lane did not encroach on defendants' property. We find no error in the court's admission of this evidence. " 'It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness' " (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725, quoting *Cassano v Hagstrom*, 5 NY2d 643, 646). It is also clear that illustrations can accompany opinion evidence when they will assist the trier of fact (*see, e.g., Kerryville Props. v Buvis*, 240 AD2d 898, 899; *Flah's, Inc. v Rosette Elec.*, 155 AD2d 772, 773). As properly admitted evidence, Supreme Court was entitled to rely thereon. Its findings of fact are not "against the weight of the evidence or contrary to law" (*Alio v Saponaro*, 133 AD2d 887, 888) and, therefore, will not be disturbed (*see, Stratton v Keefe*, 191 AD2d 871).

Next, we reject defendants' contention that they were prejudiced by the failure of plaintiffs' pleadings to allege that the farm lane over which they claimed a right-of-way was not actually on defendants' property. We note that defendants made no objection to the introduction of this evidence at trial, objecting only to the testimony of Brooks on the ground that she did not personally perform the survey. Moreover, on cross-examination, defendants elicited further testimony from Brooks concerning the ownership of the farm lane. They made no attempt to strike her testimony as outside the pleadings. Under such circumstances, defendants cannot now claim prejudice (*see, Murray v City of New York*, 43 NY2d 400, 405; *Rubio v Reilly*, 44 AD2d 592, 592).

Since we conclude that Supreme Court made appropriate findings of fact and conclusions of law, which, *inter alia*, found that the farm lane is not on defendants' premises, we need not consider defendants' remaining arguments that plaintiffs have failed to establish an easement by implication or prescription or by necessity over defendants' lands.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.