■ MICHAEL P. GRUET et al., Respondents, v CARE FREE HOUSING DIVISION OF KENN-SCHL ENTERPRISES, INC., Appellant. [759 NYS2d 276] —Appeal from an order of Supreme Court, Herkimer County (Kirk, J.), entered January 25, 2002, which denied defendant's motion for summary judgment dismissing the amended complaint without prejudice to re-filing within 45 days after the completion of depositions.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in part defendant's motion and dismissing the breach of contract claims arising from the alleged breach of the purchase agreement for the modular home and the claims for negligent delivery and set-up of the modular home and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order denying its motion for summary judgment dismissing the amended complaint without prejudice to refiling within 45 days after the completion of depositions. We agree with defendant that the order is appealable despite the fact that Supreme Court denied defendant's motion without prejudice (*cf. Fisher v Ives*, 251 AD2d 1022 [1998]). We further agree with defendant that the court erred in denying that part of its motion with respect to breach of contract claims arising from the alleged breach of the purchase agreement for the modular home sold by defendant

to plaintiffs. The purchase agreement, which also encompassed delivery and set-up of the modular home, contains a one-year statute of limitations for commencement of an action for breach of contract. A contract for the sale and delivery of a modular home is essentially a contract for the sale of goods governed by UCC article 2 (*see Gianakakos v Commodore Home Sys.*, 285 AD2d 907, 908 [2001], *lv denied* 97 NY2d 606 [2001]; *Hull v Moore's Mobile Homes Stebra*, 214 AD2d 923, 924 [1995]) and, pursuant to UCC 2-725 (1), the parties to such a contract may agree to reduce the statute of limitations to not less than one year. Thus, any claims for breach of the purchase agreement are barred by the contractual statute of limitations (*see generally Gianakakos*, 285 AD2d at 908). We do not reach plaintiffs' contention, raised for the first time on appeal, that the provision is unenforceable because the purchase agreement is an adhesion contract (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]).

In addition, we agree with defendant that the court erred in denying that part of its motion with respect to the claims for negligent delivery and set-up of the modular home inasmuch as those claims are subsumed in the breach of contract claims arising from the alleged breach of the purchase agreement. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated * * *. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). Any claim for negligent delivery or set-up is equivalent to a claim of improper performance of contractual duties (*see id.*), and no legal duty independent of the purchase agreement arising from the delivery and set-up of the modular home is alleged (*see Papa v New York Tel. Co.*, 72 NY2d 879, 881 [1988], *rearg denied* 72 NY2d 953 [1988]; *Clark-Fitzpatrick*, 70 NY2d at 389).

We further conclude, however, that the court properly denied that part of defendant's motion with respect to claims for breach of contract arising from a separate contract executed by plaintiffs in November 1996 for improvements to their property, to be performed by defendant or agents hired by defendant. That contract provides that it is "entirely separate from the transactions pertaining to the [modular] home," and thus that contract is not subject to the purchase agreement's one-year statue of limitations.

Thus, we modify the order by granting in part defendant's motion and dismissing the breach of contract claims arising

from the alleged breach of the purchase agreement for the modular home and the claims for negligent delivery and set-up of the modular home. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.