██ Mavis Caggianelli et al., Appellants, v Stephen J. Sontheimer, Doing Business as Son's Masonry, Respondent. [849 NYS2d 308]—

Mugglin, J. Appeal from an order and judgment of the Supreme Court (Donohue, J.), entered May 24, 2007 in Columbia County, upon a decision of the court in favor of plaintiffs.

In 2005, plaintiffs employed defendant to perform certain work at their residence. Of relevance to this appeal is a written contract between the parties by which defendant agreed to install a stamped concrete patio and associated walkways and ramps, together with planters and a retaining wall along the driveway, at a total cost of $16,600. When defendant breached the written contract, plaintiffs brought this action seeking to recover the cost of repair of defendant's defective work and to complete the contract. When defendant defaulted in pleading, plaintiffs obtained a default judgment and, at an inquest at which defendant appeared pro se, presented evidence in support of their complaint, including the testimony of a licensed contractor who asserted that the total cost to repair and complete the work under the written contract was $52,100. Following the inquest, Supreme Court granted judgment against defendant in the sum of $26,600, representing damages consisting of $16,600 as the reasonable value of the work under the written contract and $8,400 as the reasonable value for the demolition and clean-up work associated with remediation of defendant's work. Plaintiffs now appeal.

In reviewing a decision following a nonjury trial, this Court may independently review the evidence presented and grant judgment as warranted by the record, giving due deference to the trial court's credibility determinations (see *Poli v Lema*, 24 AD3d 981, 983 [2005]). Despite plaintiffs' uncontroverted evidence from a licensed contractor that the cost to remediate the work done by defendant and to complete the work required under the written contract would be $52,100, Supreme Court concluded that "[d]efendant cannot be held liable to the plaintiffs for the additional costs attributable to their engaging contractors who charge more for performing the same work." This legal conclusion is error. It is well settled that, in a case of defective construction, the "appropriate measure of damages is the [reasonable market] cost to repair the defects" if the defects are reparable (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261-262 [1998]), less any amount still due under the contract (see *Thompson v McCarthy*, 289 AD2d 663, 664 [2001]). This general rule does not impose a condition that precludes hiring a contractor to perform the necessary remediation at a cost greater than the original contract price (see *Hudson Iron Works v Beys Specialty Contr.*, 262 AD2d 360, 362 [1999], *lv denied* 94 NY2d 754 [1999]), provided that the new

contract terms are the reasonable market cost of the work to be performed.

The uncontroverted evidence before Supreme Court establishes that the cost to remediate defendant's work and to complete the contract is $34,600. In addition, the uncontroverted evidence establishes that it will cost $10,000 to demolish and remove the defective work performed by defendant and $7,500 to clean up and restore the property following completion of the work. Given the absence of any record evidence suggesting that the contractor's customary charges for such work do not represent the reasonable market cost, Supreme Court erred in failing to credit this evidence in its entirety. Accordingly, plaintiffs are properly entitled to a judgment in the sum of $48,300, consisting of the total remediation cost of $52,100, less $3,800, the amount unpaid on the original contract.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order and judgment is modified, on the facts, without costs, by awarding plaintiffs damages in the amount of $48,300, and, as so modified, affirmed.