■ Ed Rini et al., Appellants, v Kenn-Schl, LLC, et al., Respondents. [881 NYS2d 725]—

Mercure, J.P. Appeal from an order of the Supreme Court (Coccoma, J.), entered September 8, 2008 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs entered into a contract to purchase a modular home from defendant American Homes of Richfield Springs, a division of defendant Kenn-Schl, LLC. When the home was delivered on May 15, 2006, plaintiffs discovered a number of defects. Therefore, they commenced this action in November 2007.

Defendants thereafter moved for summary judgment, argu-

ing, among other things, that the action was barred by the statute of limitations contained in the parties' contract. Specifically, defendants assert that language on a page entitled "Additional Terms and Conditions" stated that, in the event of a breach, either party would "have only one year, after the occurrence of that breach[,] in which to commence an action for a breach of contract." Plaintiffs claimed that the provision was not included in the contract that they signed, and provided a copy of the additional terms and conditions which lacked the language relied upon by defendants. Following an immediate trial on the issue of whether the parties' contract contained the one-year limitations period (*see* CPLR 3211 [a] [5]; 3212 [c]), Supreme Court granted defendants' motion, finding that the contract included the provision and that the action had been untimely commenced. Plaintiffs appeal, and we affirm.

Initially, we note that a breach of contract claim "is subject to the four-year [s]tatute of [l]imitations of UCC 2-725 (1) [inasmuch] as the contract for the purchase and sale of the home constitutes a contract for the sale of goods" (*Gianakakos v Commodore Home Sys.*, 285 AD2d 907, 908 [2001], *lv denied* 97 NY2d 606 [2001]; *see Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305 AD2d 1060, 1061 [2003]). Contracting parties may, however, agree to shorten the limitations period to as little as one year (*see* UCC 2-725 [1]; *Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305 AD2d at 1061). Furthermore, because the determination herein was made after a nonjury trial conducted pursuant to CPLR 3212 (c), we will "independently review the weight of the evidence and . . . grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where, as here, they rest largely upon credibility assessments" (*Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005]; *accord Chase Manhattan Bank v Douglas*, 61 AD3d 1135, 1136 [2009]; *see O'Brien v Dalessandro*, 43 AD3d 1123, 1123-1124 [2007]).

Upon our review of the record, we agree with plaintiffs that Supreme Court erred in finding that they had conceded that a copy of the parties' contract provided by defendants was accurate. Nevertheless, we conclude that no basis exists to disturb the court's ultimate determination that the statute of limitations provision was included in the parties' contract, as defendants maintain.

The parties concede that the contract was a preprinted double-sided form with two carbon copies attached, and that the additional terms and conditions were on the reverse of the signature page. Plaintiffs introduced a photocopy of the

purported original contract, and admitted that they destroyed the original copy. The photocopy did not contain the statute of limitations provision as an additional term and condition. In response, defendants introduced the carbon copies of the original contract, both of which had additional terms and conditions that included the provision. The American Homes employee who filled out the contract testified that the only form contract that was available to American Homes during the relevant time included the one-year limitations provision. The general manager of American Homes further testified that the form relied upon by plaintiffs was an older contract that he mistakenly copied and sent to plaintiffs' counsel. According deference to Supreme Court's determination of the parties' respective credibility, we agree with the court that the contract included the statute of limitations provision and, thus, the complaint was properly dismissed as untimely.

Plaintiffs failed to raise their remaining argument before Supreme Court and, as such, it is unpreserved for appellate review (*see Savage v Desantis*, 56 AD3d 1013, 1015 [2008], *lv denied* 12 NY3d 709 [2009]; *Matter of Ben-Mil Assoc. v Town of Islip*, 235 AD2d 419, 419 [1997]).

Peters, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.