OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed without costs and judgment is directed to be entered in favor of plaintiff in the principal sum of $5,500.
On March 1, 2008 and March 11, 2008, plaintiff made payments to defendant of $3,000 each, in connection with the purchase of a mobile home located in Fort Pierce, Florida. Thereafter, on March 13, 2008, plaintiff and defendant signed an agreement which had been prepared by defendant. The agreement described the subject property by its location, recorded the fact that plaintiff had paid defendant deposits totaling $6,000, set forth a closing date of March 25, 2008, and specified that “the remaining $27,000.00” was payable at closing to defendant by a guaranteed financial instrument. Plaintiff never paid the outstanding balance and brought this action to recover the $6,000 deposit she paid to defendant. Following a nonjury trial, judgment was awarded in favor of defendant dismissing the complaint.
Because the sale of a mobile home constitutes a contract for the sale of goods rather than of real property (see Gruet v Care Free Hous. Div. of Kenn-Schl Enters., 305 AD2d 1060, 1061 [2003]; Gianakakos v Commodore Home Sys., 285 AD2d 907 [2001]), the parties’ agreement was governed by the Uniform Commercial Code. The agreement, which was made after plaintiff had made the two $3,000 “deposit” payments, constituted a memorandum in confirmation of an oral agreement and, even though it omitted some terms, was sufficient to satisfy the statute of frauds (see UCC 2-201 [1]; see also Considar, Inc. v Redi Corp. Establishment, 238 AD2d 111, 112 [1997]).
Section 2-718 of the Uniform Commercial Code specifies that in the absence of a contractual provision with respect to the liquidation or limitation of damages and the return of deposits,
“(2) Where the seller justifiably withholds delivery *50 of goods because of the buyer’s breach, the buyer is entitled to restitution of any amount by which the sum of his payments exceeds . . .
“(b) in the absence of [contractually fixed] terms, twenty per cent of the value of the total performance for which the buyer is obligated under the contract or $500, whichever is smaller.
“(3) The buyer’s right to restitution under subsection (2) is subject to offset to the extent that the seller establishes
“(a) a right to recover damages under the provisions of this Article other than subsection (1), and
“(b) the amount or value of any benefits received by the buyer directly or indirectly by reason of the contract.”
Here, notwithstanding the fact that plaintiff, as buyer, had breached the contract, defendant failed to demonstrate any damages resulting therefrom; nor did defendant establish that plaintiff had received any benefits directly or indirectly by reason of the parties’ agreement (see UCC 2-718 [3]). Therefore, pursuant to UCC 2-718 (2), plaintiff was entitled to the return of all but $500 of her deposit.
The order of the District Court dismissing the complaint is accordingly reversed, and judgment is awarded to plaintiff in the principal sum of $5,500.
Molía, J.E, LaCava and Iannacci, JJ., concur.