WILLIAM ASH JR. et al., Respondents, v FREDERICK L. BOLLMAN, Appellant. [916 NYS2d 266]—

---

Egan Jr., J. Appeal from a judgment of the Supreme Court (Krogmann, J.), entered February 4, 2010 in Warren County, upon a decision of the court in favor of plaintiffs.

In 2002, plaintiffs contracted to purchase certain vacant real property along the Schroon River in the Town of Chester, Warren County consisting of two separate lots, a northerly lot (hereinafter lot 1) and a southerly lot (hereinafter lot 2). Due to its location, the property is subject to Adirondack Park Agency (hereinafter APA) jurisdiction, and the sale was therefore contingent on the APA's approval of plaintiffs' building plans. In August 2002, plaintiffs submitted an application to the APA for a permit to, among other things, construct a single family dwelling on lot 1. In January 2003, prior to the APA's approval of their application, plaintiffs contacted defendant regarding certain excavation work to be conducted on lot 1. Defendant provided plaintiffs with a quote of $14,000 for clearing lot 1, constructing a driveway, excavating and backfilling the basement, and installing a septic system and water and power lines. The APA thereafter issued a permit conditionally authorizing the construction of a single family dwelling with a four-foot-wide footpath to the river and a seasonal floating dock. After the sale closed in March 2003, defendant commenced clearing and excavation work on lot 1. In the fall of 2003, plaintiffs contracted with Sheridan Hammond to build the residence. Hammond commenced work, but left the job prior to completing the residence, which required plaintiffs to hire other individuals to complete the job. After the residence was constructed, plaintiffs contracted with Neil Duell to perform certain other work on the property, such as rough regrading, clearing of debris and widening a pathway from the house to the river.

In December 2004, the APA notified plaintiffs of certain permit violations, including that the driveway was too wide and not constructed in the required "lazy 'S' " configuration, wetlands had been filled in, the footpath to the river was too wide and not shaped in a "lazy 'S' " configuration, there was unauthorized cutting of vegetation on both lots 1 and 2, the residence was constructed too close to the mean high water mark of the river, the electrical lines were installed overhead, and the exterior lighting on the house was improperly directed toward the river. Ultimately, plaintiffs were able to reach a settlement with the APA, which provided that, in addition to certain reme-

dial work to be performed on the property, plaintiffs would pay a civil fine in the amount of $3,500. Plaintiffs then contracted with Duell to perform such remediation work and, by August 2005, the property was in compliance with the terms of the settlement agreement.

In 2005, plaintiffs commenced this action, claiming breach of contract, breach of warranty and negligence, and seeking $100,000 in damages. After a nonjury trial, Supreme Court determined that "defendant performed certain portions of his work in a careless and unworkmanlike manner and not in compliance with [the] APA [p]ermit," and awarded plaintiffs damages in the amount of $21,735, which represents, among other things, the full amount of the APA civil penalty and certain remediation costs. Defendant now appeals, contending that Supreme Court's award of damages was against the weight of and insufficiently supported by the evidence.

When reviewing a decision rendered after a nonjury trial, this Court, while according due deference to the trial court's factual findings (*see Rini v Kenn-Schl, LLC*, 64 AD3d 988, 989 [2009], *lv denied* 13 NY3d 711 [2009]), has broad authority to "independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record" (*Shon v State of New York*, 75 AD3d 1035, 1036 [2010]; *see Sterling v Sterling*, 21 AD3d 663, 664-665 [2005]; *but see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Here, we agree with defendant that Supreme Court erred in holding him responsible for the full amount of the APA fine. The evidence shows that the permit violations encompassed work done at the site by all three contractors—defendant, Hammond and Duell. For example, Duell testified, and plaintiff William Ash conceded, that it was Duell who filled in the wetlands and enlarged the footpath in violation of the APA permit. Duell also admitted to removing fill material from lot 2 to fill in the wetlands on lot 1 and to removing trees from lot 2. Finally, Ash testified that defendant did not have anything to do with the offending exterior lights on the residence. Accordingly, as defendant was not wholly responsible for the APA violations, it was error to hold defendant responsible for the entire $3,500 civil penalty.

We next address defendant's argument that he should not be held responsible for all of the costs of the remedial work performed on the property by Duell. In a case of defective construction, it is the plaintiff's burden to submit adequate evidence concerning damages (*see Feldin v Doty*, 45 AD3d 1225, 1226 [2007]), the appropriate measure of which is " 'the [rea-

sonable market] cost to repair the defects' if the defects are reparable" (*Caggianelli v Sontheimer*, 46 AD3d 1206, 1207 [2007], quoting *Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261-262 [1998]). Here, defendant was hired to, among other things, clear and grade the lot, construct the driveway, excavate the basement and install the power line. Duell was initially hired by plaintiffs to correct certain work performed by defendant, and then to perform additional work of a remedial nature to address the APA violations. However, some of the work performed by Duell—such as filling in wetlands, widening the footpath and removing trees from lot 2—were themselves the subject of the APA violations. While Duell charged plaintiffs a total sum of $20,560[1] to accommodate for Duell's violations of the APA permit, Supreme Court subtracted $4,900 from that figure, which was the amount that Duell testified was the cost associated with remedying those violations attributable to his own conduct.[2]

In according the appropriate deference to Supreme Court's credibility assessments, and "[g]iven the absence of any record evidence suggesting that [Duell's] customary charges for such work do not represent the reasonable market cost" (*Caggianelli v Sontheimer*, 46 AD3d at 1208), we find that Supreme Court did not err in awarding plaintiffs damages for remediation work performed by Duell, less costs associated with the remediation of Duell's own violations of the APA permit. We likewise find that, given Supreme Court's determination that defendant did, in fact, receive a copy of the APA permit, and given defendant's admission that he was generally aware of the APA's jurisdiction over the property, Supreme Court did not err in awarding plaintiffs remedial costs necessary to bury the overhead electrical lines. Finally, inasmuch as defendant failed to make a specific objection to the admissibility of Duell's $5,000 invoice, defendant's argument that Supreme Court erred in awarding damages that were not specified in plaintiffs' bill of particulars has not been properly preserved for review (*see Liuni v Haubert*, 289 AD2d 729, 729 [2001]; *Pilon v Pilon*, 278 AD2d 760, 760 [2000]; *Rubio v Reilly*, 44 AD2d 592, 592 [1974]).

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as granted plaintiffs dam-

---

**1.** This figure represented some work completed by Duell prior to issuance of the APA violations and the rest done in conjunction with the APA settlement agreement.

**2.** Notably, none of Duell's invoices indicates that charges related to the exterior lights on the residence were included.

ages in the amount of $3,500, which represents the entire civil fine imposed by the Adirondack Park Agency; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.