■ JAMIE LOBELLO, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [976 NYS2d 901]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 12, 2012. The order, inter alia, denied that part of the motion of defendant to dismiss the complaint with respect to the first cause of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that the insurance policy issued by defendant, New York Central Mutual Fire Insurance Company (NYCM), provided coverage for the subject loss. Thereafter, NYCM moved to dismiss the complaint on the ground that the action was not timely commenced. NYCM appeals from that part of the order denying without prejudice its motion with respect to the first cause of action. Initially, we note that, contrary to plaintiff's contention, the order is appealable despite the fact that Supreme Court denied in part NYCM's motion without prejudice to renew (*see Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305 AD2d 1060, 1060 [2003]). Regarding the merits, we conclude that the motion "was properly denied as premature in light of the incomplete state of discovery, including the lack of any depositions" (*Ali v Effron*, 106 AD3d 560, 560 [2013]). Plaintiff is entitled to discovery on, inter alia, whether NYCM should be estopped from invoking the statute of limitations defense. Plaintiff failed to preserve for our review

his alternative contention that the date of loss under the policy is not the date that the theft occurred, but instead the date that the cause of action against NYCM accrued (*see Fabozzi v Lexington Ins. Co.*, 601 F3d 88 [2010]; *cf. Klawiter v CGU/OneBeacon Ins. Group*, 27 AD3d 1155 [2006]; *Costello v Allstate Ins. Co.*, 230 AD2d 763 [1996]). Thus, we need not address that issue at this stage of the proceedings. Present—Centra, J.P., Peradotto, Carni and Lindley, JJ.