# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1000**

**CA 13-00012**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

JAMIE LOBELLO, PLAINTIFF-RESPONDENT,

V                                         MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL),
FOR DEFENDANT-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JAMES J. GASCON OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered April 12, 2012.  The order, inter alia,
denied that part of the motion of defendant to dismiss the complaint
with respect to the first cause of action.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking, inter alia,
a declaration that the insurance policy issued by defendant, New York
Central Mutual Fire Insurance Company (NYCM), provided coverage for
the subject loss.  Thereafter, NYCM moved to dismiss the complaint on
the ground that the action was not timely commenced.  NYCM appeals
from that part of the order denying without prejudice its motion with
respect to the first cause of action.  Initially, we note that,
contrary to plaintiff's contention, the order is appealable despite
the fact that Supreme Court denied in part NYCM's motion without
prejudice to renew (*see Gruet v Care Free Hous. Div. of Kenn-Schl
Enters.*, 305 AD2d 1060, 1060).  Regarding the merits, we conclude that
the motion "was properly denied as premature in light of the
incomplete state of discovery, including the lack of any depositions"
(*Ali v Effron*, 106 AD3d 560, 560).  Plaintiff is entitled to discovery
on, inter alia, whether NYCM should be estopped from invoking the
statute of limitations defense.  Plaintiff failed to preserve for our
review his alternative contention that the date of loss under the
policy is not the date that the theft occurred, but instead the date
that the cause of action against NYCM accrued (*see Fabozzi v Lexington
Ins. Co.*, 601 F3d 88; *cf. Klawiter v CGU/OneBeacon Ins. Group*, 27 AD3d
1155; *Costello v Allstate Ins. Co.*, 230 AD2d 763).  Thus, we need not

address that issue at this stage of the proceedings.

Entered: December 27, 2013

Frances E. Cafarell
Clerk of the Court