■ HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement Dated August 1, 2006, ACE Securities Corp. Home Equity Loan Trust, Series 2006-FM1, Asset Backed Pass-Through Certificates, Respondent, v Cindy Corazzini, Appellant, et al., Defendants. [49 NYS3d 202]—

Devine, J. Appeals from two orders of the Supreme Court (Crowell, J.), entered July 28, 2015 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment.

In April 2006, defendant Cindy Corazzini (hereinafter defendant) executed a note in favor of Fremont Investment and Loan for $536,000. The note was secured by a mortgage on real property in the Town of Halfmoon, Saratoga County issued in favor of Mortgage Electronic Registration Systems, Inc., as Fremont's nominee. Defendant defaulted on the note and, in February 2009, plaintiff commenced this mortgage foreclosure action and alleged that it was the holder of the note and mortgage. Defendant answered and asserted a number of affirmative defenses, including that plaintiff lacked standing to bring suit.

Plaintiff belatedly filed a request for judicial intervention in 2014, triggering a mandatory residential mortgage foreclosure settlement conference at which defendant failed to appear and a proposed modification agreement that she rejected. Plaintiff then moved for summary judgment striking the answer and appointing a referee to compute the sums due to it. Defendant cross-moved for, among other things, dismissal of the complaint. Supreme Court issued an order determining that plaintiff had established its entitlement to summary judgment with the exception of defendant's standing defense and directing an immediate trial on that issue (*see* CPLR 3211 [a] [3]; 3212 [c]). The trial was conducted in short order, after which Supreme Court issued a second order granting plaintiff's motion in its entirety upon the basis that plaintiff was in possession of the note when it commenced this action and had standing as a result. Defendant appeals from both orders.

We affirm. Defendant waived her challenges to the propriety of an immediate trial on her standing defense by participating in the trial without objection and only "taking an appeal from the order directing an immediate trial . . . after [Supreme Court] made adverse findings" (*Gottesman Bus. Brokers v Goldman Fire Prevention Corp.*, 238 AD2d 250, 250 [1997]; *see Yuen v Kwan Kam Cheng*, 69 AD3d 536, 537 [2010]). As for the merits, "because defendant raised the issue of standing in her answer, plaintiff bore the . . . burden of demonstrating that, 'at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note' " (*Bank of N.Y. Mellon v McClintock*, 138 AD3d 1372, 1373-1374 [2016], quoting *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d 737, 738 [2015]). The note is the key document conveying standing to foreclose, however, and "physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" if it is indorsed to plaintiff or is indorsed in blank (*Citibank, NA v Abrams*, 144 AD3d 1212, 1214 [2016] [internal quotation marks and citations omitted]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). Inasmuch as Supreme Court's resolution of the standing issue "was made after a nonjury trial conducted pursuant to CPLR 3212 (c), we will 'independently review the weight of the evidence and . . . grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments' " (*Rini v Kenn-Schl, LLC*, 64 AD3d 988, 989 [2009], *lv denied* 13 NY3d 711 [2009], quoting *Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005]; *see Deep v Boies*, 121 AD3d 1316, 1318-1319 [2014], *lv denied* 25 NY3d 903 [2015]).

Supreme Court credited the trial testimony of Nicole Gostebski, a senior loan analyst employed by the loan servicer's parent corporation who was familiar with the servicer's records and stated that they had been prepared in the regular course of business. Gostebski explained that defendant's loan and several thousand others were placed in trust with plaintiff as trustee and that the original note and mortgage executed by defendant are in a collateral file in the physical care of the trust's custodian. She relied upon the records of the servicer, which incorporated records of prior servicers, to state that the trust received the note and other documents in the collateral file on May 1, 2006 (*see Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d at 739). Supreme Court also had before it the pooling and servicing agreement acknowledging that the trust obtained the note no later than August 25, 2006, as well as the collateral file itself, which contained the "wet ink" note indorsed in blank by the original holder. While "the better practice would have been for" plaintiff to describe the precise mechanics of how the note came into its possession, that information was not required in light of the extensive proof showing that plaintiff possessed the original note by the time that this action was commenced (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *see Bank of N.Y. Mellon v McClintock*, 138 AD3d at 1374-1375). Therefore, deferring to the credibility assessment of Supreme Court, our independent review of the proof leaves us confident that plaintiff was in possession of the note before commencing this action and had standing to pursue it (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Bank of N.Y. Mellon v McClintock*, 138 AD3d at 1374-1375).

Defendant also claimed that she was entitled to summary judgment due to plaintiff's failure to file a request for judicial intervention with the county clerk at the time that it filed proof of service of the summons and complaint in February 2009. The filing of the request for judicial intervention might have obliged Supreme Court to "hold a mandatory [residential mortgage foreclosure] conference within [60] days" (CPLR former 3408 [a], as added by L 2008, ch 472, § 3; *see* 22 NYCRR former 202.12a [b]), although it is unclear whether this case involves the type of home loan to which the then-extant version of CPLR 3408 applied (*see Federal Natl. Mtge. Assn. v Anderson*, 119 AD3d 892, 893-894 [2014]). It is also worthy of note that a conference at that time would have been of questionable value, as the version of CPLR 3408 then in effect did not require that the parties negotiate in good faith (*see* CPLR 3408 [f], as added by L 2009, ch 507, § 9). In any case, defendant did not describe any negotiations that were ham-

pered by the lack of a timely settlement conference and, in fact, she failed to attend the conference when it finally occurred. The delay in filing a request for judicial intervention was nothing more than a nonprejudicial procedural error under these circumstances and, as such, it "shall be disregarded" (CPLR 2001).

Garry, J.P., Rose, Clark and Mulvey, JJ., concur. Ordered that the orders are affirmed, with costs.