Brown v Voda Realty LLC (2024 NY Slip Op 03129)

Brown v Voda Realty LLC

2024 NY Slip Op 03129

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 22700/18 Appeal No. 2460-2461 Case No. 2024-00494, 2024-00724 

[*1]Bruce B. Brown, Jr., Respondent,
v
Voda Realty LLC, etal., Appellants. 

Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for appellants.
Michael H. Zhu, P.C., Rego Park (Michael H. Zhu of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 1, 2024, after a jury trial, awarding plaintiff $500,000 for past pain and suffering and $500,000 for future pain and suffering, and bringing up for review, an order, entered January 16, 2024, which denied defendants' motion to set aside the verdict or, in the alternative, to reduce the awards for past and future pain and suffering, unanimously modified, on the facts, to vacate the awards for past and future pain and suffering, and remand for a new trial on those issues, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the awards for past pain and suffering to $400,000 and for future pain and suffering to $400,000, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Although the issue of comparative negligence is almost invariably a question of fact (see Johnson v New York City Tr. Auth., 88 AD3d 321, 324-325 [1st Dept 2011]; Perales v City of New York, 274 AD2d 349, 350 [1st Dept 2000]), the motion court providently found there was no valid line of reasoning that would support a finding that plaintiff was negligent for continuing to sleep under a ceiling that had been sagging for several weeks; there was no evidence to show that plaintiff had reason to believe a collapse of the ceiling was imminent (see Lemon v Nivram Realty Corp., 172 AD2d 288, 289 [1st Dept 1991]; cf. Johnson v New York City Tr. Auth., 88 AD3d 321, 325).
A review of the record also supports the trial court's denial of defendants' request for a missing witness charge where plaintiff had an expert IME neurologist testify concerning his examination findings as to plaintiff's injuries and the medical evidence presented, rather than one of the treating physicians who were part of a medical facility where plaintiff sought rehabilitative treatment for his injuries. On this record, where the certified records of the treating physicians were entered into evidence without objection, any testimony by the treating physicians would have been unnecessarily cumulative (see e.g. Peat v Fordham Hill Owners Corp., 110 AD3d 643, 644-645 [1st Dept 2013], lv denied 23 NY3d 903 [2014]; Jellema v 66 W. 84th St. Owners Corp., 248 AD2d 117 [1st Dept 1998]).
The court charged the jury on an inapplicable provision of the New York State Uniform Fire Prevention and Building Code, inasmuch as the apartment building in question predated the enactment of the subject fire code (see Vasquez v Soriano, 106 AD3d 545, 545 [1st Dept 2013]). Defendant objected to the charge on the specific ground that the case had nothing to do with a fire and argues for the first time on appeal that the building predates the code. However, a specific objection placed on an untenable ground waives all other valid grounds which might have been but were not raised[*2](People v Qualls, 55 NY2d 733, 734 [1981]; Liuni v Haubert, 289 AD2d 729, 729 [3d Dept 2001]; Short v Short, 142 AD2d 947, 948 [4th Dept 1988]). Moreover, any error was harmless as the record contained abundant evidence of defendants' negligence in addressing the sagging ceiling.
As to the damages issue, we find the jury award deviated materially from what would be reasonable compensation under the circumstances (see CPLR 5501[c]; Donlon v City of New York, 284 AD2d 13, 14 [1st Dept 2001]). The injurious event aggravated plaintiff's age-related, pre-existing degenerative cervical and lumbar conditions, no surgery was necessitated, plaintiff was treated with two years of physical therapy, he is able to relieve his pain with Tylenol, and he has a 10-year life expectancy. In light of the foregoing, we find that $400,000 for past pain and suffering and $400,000 for future pain and suffering is reasonable compensation (see e.g. Sanabia v 718 W. 178th St., LLC, 49 AD3d 426 [1st Dept 2008]; Donlon, 284 AD2d 13).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024