■ J. FRIED PLUMBING AND HEATING CORP., Appellant, v 245 GLENMORE AVENUE CORP., Respondent, et al., Defendants.—In an action to foreclose a mechanic's lien, plaintiff appeals from an order of the Supreme Court, Kings County, dated October 13, 1976, which, *inter alia,* granted the motion of defendant 245 Glenmore Avenue Corp. to dismiss the complaint and to discharge its notice of pendency and mechanic's lien. Order reversed, with $50 costs and disbursements, and motion denied. Special Term erred in discharging the lien and dismissing the complaint for failure to state a cause of action. Section 19 of the Lien Law specifies the only grounds upon which an application may be based for the discharge of a mechanic's lien. Respondent obviously relied upon subdivision (6) of section 19 which, *inter alia,* permits the discharge of a mechanic's lien where it appears, from the

face of the notice of lien itself, that it was not timely filed. The notice of lien in question is valid upon its face, specifically in that it clearly states that it was filed within four months after the completion of the contract. Respondent has not sufficiently demonstrated the existence of any other ground warranting a discharge of the mechanic's lien. "It has been consistently held that objections to a notice of lien which do not involve matters appearing on the face of the lien, raise issues of fact for disposition upon trial rather than upon motion to vacate the lien" *(Matter of Miller,* 133 NYS2d 421, 422). The notice of lien being sufficient on its face, respondent's motion should have been denied. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.