■ A. SERVIDONE, INC., Respondent, v BRIDGE TECHNOLOGIES, L. L. C., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. RELIANCE INSURANCE COMPANY, Third-Party Defendant-Respondent. (Action No. 1.) BRIDGE TECHNOLOGIES, LTD., Appellant, v A. SERVIDONE, INC., et al., Respondents. (Action No. 2.) [721 NYS2d 406] —Cardona, P. J. Appeals (1) in action No. 1, from an order of the Supreme Court (Bradley, J.), entered November 8, 1999 in Ulster County, which, *inter alia*,

granted plaintiff's motion to discharge the mechanic's lien filed by defendant Bridge Technologies, L. L. C., and (2) in action No. 2, from an order of said court, entered July 31, 2000 in Ulster County, which, *inter alia*, granted defendants' motion to dismiss the complaint for failure to state a cause of action.

In 1996, A. Servidone, Inc. (hereinafter Servidone) entered into a contract with the State Department of Transportation (hereinafter DOT) to replace and construct three bridges in Dutchess and Orange Counties. According to the terms of its prime contract with DOT, Servidone was required to subcontract for the installation of the superstructures of two of the bridges with Bridge Technologies, Inc., the United States patent holder of a channel girder bridge system. At the time of the execution of the subcontract on March 26, 1997, Bridge Technologies, Inc. was the wholly owned subsidiary of Bridge Technologies, Ltd., a limited liability company organized under Ohio law and authorized to conduct business in this State as a foreign limited liability company.

During the performance of the subcontract work, Bridge Technologies, Inc. was dissolved and its parent company, Bridge Technologies, Ltd., continued to provide services required by the subcontract. Servidone, however, was never notified of the dissolution. A dispute ultimately arose over the performance of the subcontract and Servidone withheld final payment of the sum of $1,118,227.73. In November 1998, an entity allegedly organized under Kentucky law named Bridge Technologies, L. L. C. filed a mechanic's lien which was later discharged by court order through the filing of a bond in the amount of $1,325,000. The surety on the bond was third-party defendant, Reliance Insurance Company, which earlier had issued the statutory labor and materials payment bond for the prime contract pursuant to State Finance Law § 137.

Thereafter, Servidone commenced action No. 1 against Bridge Technologies, Inc., Bridge Technologies, L. L. C. and various other entities alleging breach of contract. Servidone sought cancellation of the mechanic's lien and damages in the amount of $2,000,000. The amended answer contained a counterclaim for the sum of $1,118,227. In addition, Bridge Technologies, L. L. C. commenced a third-party action against Reliance, as surety, seeking, *inter alia*, recovery under the bond in same sum of $1,118,227.73 premised upon Servidone's alleged breach of the subcontract.

Servidone and Reliance separately moved to dismiss the counterclaim and third-party complaint, respectively, and for cancellation of the mechanic's lien and mechanic's lien bond

contending that Bridge Technologies, L. L. C. was not authorized to conduct business in New York, that Servidone's subcontract was with Bridge Technologies, Inc., not Bridge Technologies, L. L. C., and that at no time did Servidone give its consent to any other entity to perform work under its original subcontract with Bridge Technologies, Inc. Bridge Technologies, L. L. C. opposed the motions and cross-moved for leave to amend the caption of the pleadings and the mechanic's lien to substitute the name Bridge Technologies, Ltd., the alleged real party in interest of the subcontract with Servidone, for Bridge Technologies, L. L. C., arguing that it was merely attempting to correct a technical defect.

Supreme Court found that Bridge Technologies, L. L. C. was not the same entity that Servidone contracted with for the construction of the bridges, that the subcontract was never assigned to Bridge Technologies, L. L. C., and that it had no right under the subcontract with Servidone or Servidone's prime contract with DOT to file the lien at issue or prosecute the counterclaim. Supreme Court denied the cross motion for leave to amend, granted the motions to dismiss, dismissed the counterclaim and the third-party complaint, and canceled the mechanic's lien filed by Bridge Technologies, L. L. C.

On or about November 13, 1999, Bridge Technologies, Ltd. commenced action No. 2 seeking recovery from Servidone in quantum meruit and against Reliance on the bond for $1,118,227.73. In January 2000, Servidone and Reliance moved, preanswer, to, *inter alia,* dismiss the complaint in action No. 2. Supreme Court determined, *inter alia,* that the existence of the subcontract precluded recovery in quasi contract on the two bridge projects and that the claim against Reliance was untimely. The court also granted the motion to dismiss the complaint against Servidone and Reliance. Bridge Technologies, L. L. C. and Bridge Technologies, Ltd. appeal from the order in each action.

Initially, Bridge Technologies, L. L. C. contends that Supreme Court erred in denying its motion to amend the pleadings in action No. 1 because it was only a technical correction. While amendments to pleadings are to be "freely given" absent prejudice or surprise (*see, Danise v Agway Energy Prods.,* 255 AD2d 731, 732), here the subcontract clearly showed that Bridge Technologies, Inc. was the party with whom Servidone contracted and not Bridge Technologies, L. L. C. As a corporation, Bridge Technologies, Inc. had a legally distinct and independent existence apart from Bridge Technologies, L. L. C. (*see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652,

656) until its dissolution in December 1997. Notably, the record before us affords no basis for disregarding that corporate form. Since Bridge Technologies, L. L. C. failed to establish that it was a party to the written subcontract, its counterclaim for Servidone's nonperformance and its third-party action against Reliance did not state causes of action (*see, Bethlehem Steel Corp. v Solow*, 51 NY2d 870, 872-873) and were properly dismissed. Inasmuch as the amendments would have served no useful purpose, they too were properly denied (*see, Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170).

Next, we find that Supreme Court did not err when it dismissed the complaint against Servidone in action No. 2. First, in the absence of proof in the record of a merger (*see,* Business Corporation Law § 904; Limited Liability Company Law § 1003; *cf., Foster-Lipkins Corp. v State of New York*, 84 AD2d 870), we find unpersuasive the contention that Bridge Technologies, Inc., by its dissolution, essentially merged into Bridge Technologies, Ltd. Nor did the mere fact that Bridge Technologies, Ltd. was the parent company of Bridge Technologies, Inc. mean that it had the authority to enforce the subcontract existing between Bridge Technologies, Inc. and Servidone (*see, Custer Bldrs. v Quaker Heritage*, 41 AD2d 448, 451; *see also, Port Chester Elec. Constr. Corp. v Atlas, supra,* at 656). Furthermore, even assuming the occurrence of a merger, the existence of a valid written contract between Servidone and Bridge Technologies, Inc., which undisputedly covers the subject matter of the complaint of Bridge Technologies, Ltd., precludes the action by Bridge Technologies, Ltd. in quantum meruit. Significantly, " 'a quasi-contractual obligation is one imposed by law *where there has been no agreement or expression of assent, by word or act, on the part of either party involved'* " (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389, quoting *Bradkin v Leverton*, 26 NY2d 192, 196 [emphasis in original]).

With respect to Supreme Court's dismissal of the claim of Bridge Technologies, Ltd. against Reliance on the statutory payment bond, we find no error. State Finance Law § 137 was enacted to guarantee payment to contractors and subcontractors for all labor and materials provided on public improvement projects (*see,* State Finance Law § 137 [1]). Inasmuch as Bridge Technologies, Ltd. did not furnish labor or materials pursuant to a subcontract made directly with Servidone as contractor or, for that matter, pursuant to a subcontract with Bridge Technologies, Inc., it has no right to sue under the statutory payment bond (*see,* State Finance Law § 137 [3];

*Windsor Metal Fabrications v General Acc. Ins. Co.*, 94 NY2d 124, 131).

Finally, we find the parties' remaining arguments unpersuasive.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.