■ MCK BUILDING ASSOCIATES, INC., Respondent, v ST. LAWRENCE UNIVERSITY et al., Defendants, and GILBANE BUILDING COMPANY, Appellant. [754 NYS2d 397] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 20, 2001 in St. Lawrence County, which, inter alia, granted plaintiff's motion for partial summary judgment.

Defendant Gilbane Building Company (hereinafter defendant) was the construction manager on a project to renovate two buildings on the campus of defendant St. Lawrence University. In May 1998, defendant subcontracted the masonry, millwork and rough carpentry work to plaintiff. Plaintiff submitted monthly statements of the labor and materials furnished for the project and, upon receipt of 90% of the approved payment, executed a "Waiver of Lien—Material and

Labor" for work covered by that payment. In March 1999, plaintiff executed a waiver of lien for payment for 90% of the approved payment for labor and materials furnished through January 1, 1999 and also filed a mechanic's lien on the renovated buildings for unpaid labor and material expenses. At that time, plaintiff's work on the project was substantially complete but, after several failed attempts to have plaintiff fully complete its work, defendant terminated its contract with plaintiff by letter dated June 25, 1999.

Plaintiff subsequently commenced this action against defendant, the University and a supplier contending, inter alia, that the contract had been wrongfully terminated due to inadequate notice and seeking recovery in quantum meruit and foreclosure of its mechanic's lien. Following joinder of issue, but prior to complete discovery, defendant moved for partial summary judgment seeking a declaration that the contract had been terminated for convenience rather than for default, thereby implicating different contractual notice requirements, and plaintiff cross-moved for partial summary judgment seeking a declaration that the contract had been wrongfully terminated for default. Supreme Court found that the contract had been terminated for default and, accordingly, denied defendant's motion and granted plaintiff's cross motion to that extent. Supreme Court, however, denied, without prejudice, that part of plaintiff's motion as sought a declaration that the termination was wrongful.

After discovery was complete, plaintiff again moved for partial summary judgment seeking a declaration that the contract termination had been wrongful and recovery in quantum meruit. Defendant cross-moved for reconsideration of Supreme Court's prior determination that the contract had been terminated for default rather than convenience, as well as for partial summary judgment barring recovery by plaintiff in quantum meruit and for work covered by plaintiff's waivers of liens. Supreme Court granted plaintiff's motion and denied defendant's cross motion, finding that the contract termination had been wrongful and, thus, that quantum meruit was an appropriate measure of damages. Supreme Court withheld decision on damages pending trial, but declared that the waivers of liens executed by plaintiff did not bar recovery in quantum meruit for work encompassed by those waivers because damages for wrongful termination could not have been anticipated, and thus relinquished, at the time the waivers had been executed. Defendant appeals.

Initially, we agree with Supreme Court that the contract

was wrongfully terminated for default. Notably, defendant's contract termination letter not only cited defendant's "lack of job performance" and "disregard of contractual obligations," but specifically stated that it was terminating the contract pursuant to provisions of one of the contract documents that governs termination for default. Under these provisions, plaintiff was required to provide 10 days' prior written notice of termination to defendant, its surety and the University. However, defendant's termination letter indicated that the contract was terminated "as of this date" and defendant's surety and the University were not given written notice of termination until several days later. Under these circumstances, it is clear that defendant's termination of the contract was wrongful.

We also agree that quantum meruit is the appropriate measure of damages in this case. Although recovery in quantum meruit is generally barred where there is a valid written contract covering the subject matter at issue (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389; *Servidone, Inc. v Bridge Tech.*, 280 AD2d 827, 830, *lvs denied* 96 NY2d 712), where, as here, a contract has been terminated prior to completion, quantum meruit is the appropriate measure of damages (*see Schultz Constr. v Franbilt, Inc.*, 285 AD2d 936, 938; *Najjar Indus. v City of New York*, 87 AD2d 329, 331-332, *affd* 68 NY2d 943). Further, the waivers of liens executed by plaintiff, which are properly "construed as merely a receipt for the monies referenced in the waiver" (*West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 252; *see Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010, 1012), do not bar plaintiff's recovery on this basis. Defendant's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.