■ CPN MECHANICAL, INC., et al., Respondents, v MADISON PARK OWNER LLC, Appellant, et al., Defendants. [942 NYS2d 527]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered January 20, 2011, which, to the extent appealed from, denied defendant Madison Park Owner LLC's motion for summary judgment dismissing the causes of action for mechanic's lien foreclosure, unjust enrichment, and quantum meruit as against it, and on its counterclaim, pursuant to Lien Law §§ 39 and 39-a, for wilful exaggeration of the lien, unanimously affirmed, without costs.

The e-mails noting that plaintiff CPN Mechanical, Inc. was

doing work on the project within eight months of its filing of a mechanic's lien establish that the lien was filed timely (*see* Lien Law § 10). Given the relationship among CPN, its newly created affiliates, and Madison Park Owner, factual issues exist whether CPN performed the work covered by the lien with the knowledge of defendant G Builders IV LLC, Madison Park Owner's construction manager, which entered into the contracts with CPN's affiliates. Moreover, change orders were issued to CPN for work covered by the contracts to its affiliates. If CPN did the work covered by its affiliates' contracts with G Builders' knowledge, it is entitled to file a lien for the amounts unpaid for that work (*see* Lien Law § 3; *A. Servidone, Inc. v Bridge Tech.*, 280 AD2d 827, 829-830 [2001], *lv denied* 96 NY2d 712 [2001] [successor corporation that performed no work on the property could not assert lien in its own name for work done by predecessor company]).

Madison Park Owner contends that it cannot be held liable to plaintiffs under quasi-contract because there is no proof that it expressly undertook to pay for plaintiffs' work (*see Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 551 [1989]). However, it paid each plaintiff directly with a two-party check showing G Builders as co-payee. Given the facts of this case, whether each of these checks constitutes an express promise by Madison Park Owner to pay the particular plaintiff directly or merely to guarantee G Builders' payment is an issue of fact.

There are factual issues that preclude a determination on this record of the bona fides of the lien and its amount which also preclude summary judgment on Madison Park Owner's counterclaim for wilful exaggeration of the lien (*see* Lien Law §§ 39, 39-a). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30124(U).]**