■ In the Matter of TAOCON, INC., Appellant, v URBAN D.C. INC., Respondent. [971 NYS2d 872]—Order, Supreme Court, New York County (Donna M. Mills, J.), entered November 13, 2012, which denied petitioner's application pursuant to Lien Law § 19 (6) for an order summarily discharging a mechanic's lien, unanimously affirmed, without costs.

The court correctly denied the petition for summary discharge of the lien on the ground that it was untimely filed, because the notice of lien sets forth dates indicating that the lien was filed within the applicable limitations period (see Matter of Lowe, 4 AD3d 476 [2d Dept 2004]; Lien Law § 10 [1]). Contrary to petitioner's contention, the lien is not rendered facially defective by the lienor's itemized statement of work performed showing the last item of work as repair work; this evidence raises a factual issue as to the relationship of the last item of work to the parties' contract (see 72 Pyrgi v Gkam Corp., 293 AD2d 387 [1st Dept 2002]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.

■ In the Matter of WILLIAM ROBINSON, Petitioner, v PATRICIA NUNEZ, Respondent. [973 NYS2d 80]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.