Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 26, 2012, which denied petitioner’s application pursuant to Lien Law § 19 (6) for an order summarily discharging the mechanic’s lien that respondent filed against it, unanimously affirmed, without costs.
Lien Law § 10 (1) requires that a mechanic’s lien be filed within eight months after the lienor finishes its work or last furnishes materials (Lien Law § 10 [1]). Here, the lien was filed less than two months after April 30, 2011, the date that respondent represented in its verified notice of lien that it had completed its work. Although that date did not appear on respondent’s itemized statement of work performed, respondent’s principal submitted an affidavit in opposition to the petition averring that work had been done on that date, which petitioner disputes. Because the lien was timely on its face, the court was not permitted to summarily discharge it on the basis *531 of untimeliness (Lien Law § 19 [6]; Matter of Taocon, Inc. v Urban D.C. Inc., 110 AD3d 423 [1st Dept 2013]; Slazer Enters. Owner, LLC v Gotham Greenwich Constr. Co., LLC, 50 AD3d 341 [1st Dept 2008]). It is a trial, not a summary proceeding, that is the proper forum for resolving the factual disputes between these parties (id.).
Concur—Tom, J.E, Acosta, Moskowitz, Gische and Clark, JJ.