Matter of Beebe v Liebel (2019 NY Slip Op 00337)





Matter of Beebe v Liebel


2019 NY Slip Op 00337


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526362

[*1]In the Matter of ANDREAS BEEBE et al., Respondents,
v
JAMES D. LIEBEL, Appellant.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Knauf Shaw LLP, Rochester (Jonathan R. Tantillo of counsel), for appellant.
Costello, Cooney & Fearon, PLLC, Syracuse (Jennifer L. Wang of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Morris, J.), entered November 30, 2017 in Schuyler County, which granted petitioners' application, in a proceeding pursuant to Lien Law § 19 (6), to summarily discharge a mechanic's lien.
In June 2015, the parties entered into a contract for respondent to serve as the general contractor for the construction of a house on petitioners' property. In April 2016, after participating in mediation to resolve certain disagreements, the parties entered into a settlement agreement, terminated the original contract and executed a new contract. New disagreements arose, resulting in respondent's cessation of work on the project, although the parties dispute when that occurred. On November 29, 2016, respondent filed a notice of mechanic's lien against petitioners' property, alleging that petitioners owed him $74,424.50 for the work that he performed on their property [FN1]. Petitioners filed a petition to discharge the mechanic's lien and later filed an order to show cause seeking the same relief [FN2]. Respondent submitted an answer and counterclaim. Supreme Court granted petitioners' application and discharged the notice of lien. Respondent appeals.
Supreme Court erred in summarily discharging respondent's notice of lien because it was valid on its face. "A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6)" (Matter of Northside Tower Realty, LLC v Klin [*2]Constr. Group, Inc., 73 AD3d 1072, 1072 [2010] [citations omitted]; see Matter of Lowe, 4 AD3d 476, 476 [2004]). Pursuant to that provision, a court may summarily discharge a notice of lien where, among other things, "it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished" or the notice was not timely filed (Lien Law § 19 [6]; see J. Fried Plumbing & Heating Corp. v 245 Glenmore Ave. Corp., 55 AD2d 945, 946 [1977]).
As for timeliness, a notice of lien is facially valid if it "sets forth dates indicating that the lien was filed within the applicable limitations period" (Matter of Taocon, Inc. v Urban D.C. Inc., 110 AD3d 423, 423 [2013]; see Matter of Lowe, 4 AD3d at 476; J. Fried Plumbing & Heating Corp. v 245 Glenmore Ave. Corp., 55 AD2d at 946). For work on a single-family residence, the notice of lien has to be filed within four months of the last work performed (see Lien Law § 10 [1]). Respondent's notice of lien stated that the last work was performed on July 31, 2016, which was less than four months before the notice was filed on November 29, 2016. "Because the lien was timely on its face, the court was not permitted to summarily discharge it on the basis of untimeliness" (Matter of 856 Riv. Ave. Rest. Corp. v Style & Care, Inc., 117 AD3d 530, 530-531 [2014] [citations omitted]). Although petitioners contend — and submitted evidence that they assert proves — that respondent last worked on the property more than four months prior to filing the notice of lien, respondent disputed that contention in his affidavit, as well as in the notice of lien itself. A trial is the appropriate way to resolve this conflict regarding the actual last date on which work was performed (see id.; Matter of Lowe, 4 AD3d at 476).
Petitioners attack the character of the labor furnished, asserting that respondent's work in July 2016 was for a water line that was not part of any contract between the parties. This assertion merely "raises a factual issue as to the relationship of the last item of work to the parties' contract" (Matter of Taocon, Inc. v Urban D.C. Inc., 110 AD3d at 423). Stated otherwise, the issue of whether petitioners requested or consented to respondent performing work to prepare for installation of a water line cannot be resolved in this summary proceeding, but "must await trial of [a lien] foreclosure action" that will presumably be commenced now that the lien has not been discharged (Aaron v Great Bay Contr., 290 AD2d 326, 326 [2002]; see Lane Constr. Co., Inc. v Chayat, 117 AD3d 992, 993 [2014]; Care Sys. v Laramee, 155 AD2d 770, 771 [1989]).
Further, "[a]lthough Lien Law § 39 provides that a willfully exaggerated lien is void, the issue of willful or fraudulent exaggeration is one that also ordinarily must be determined at the trial of [a lien] foreclosure action" (Aaron v Great Bay Contr., 290 AD2d at 326; see CPN Mech., Inc. v Madison Park Owner LLC, 94 AD3d 626, 627 [2012]; Washington 1993 v Reles, 255 AD2d 745, 747 [1998]). As alternative relief, petitioners sought an order pursuant to Lien Law § 59 requiring respondent to commence an action to foreclose the lien within 30 days. However, before such an order may be granted, the property owners must serve notice on the lienor directing the lienor to commence an action to enforce the lien, and the papers requesting such an order must include affidavits proving service of such notice and that the lienor has not commenced an action as directed (see Lien Law § 59). Petitioners are not entitled to an order pursuant to Lien Law § 59 because they have not provided such proof.
Lynch, J.P., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and petition dismissed.



Footnotes

Footnote 1: Respondent has acknowledged that he inadvertently counted one figure twice, so petitioners owe him a lesser amount than stated in the notice of lien.

Footnote 2: As respondent did not argue before Supreme Court that the petition should be dismissed because it was not verified as required by Lien Law § 19 (6), he failed to preserve this argument for our review (see Congleton v United Health Servs. Hosps., 67 AD3d 1148, 1149-1150 [2009]).