Zepsa Indus., Inc. v 401 W. Prop. Owners, LLC (2025 NY Slip Op 06837)

Zepsa Indus., Inc. v 401 W. Prop. Owners, LLC

2025 NY Slip Op 06837

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 651243/24|Appeal No. 5310|Case No. 2025-01341|

[*1]Zepsa Industries, Inc., Plaintiff-Respondent,
v
401 West Property Owners, LLC, et al., Defendants-Appellants. 

Cozen O'Connor, New York (Amanda Giglio of counsel), for appellants.
Peraino Malinowski LLP, New York (David M. Peraino of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 21, 2025, which, to the extent appealed from as limited by the briefs, granted defendant 401 West Property Owners, LLC's motion to dismiss the complaint as against it and denied plaintiff's cross-motion for leave to amend the complaint to assert claims for quasi-contract and quantum meruit and to add Wainbridge Capital, Inc. as a defendant, unanimously modified, on the law, to grant plaintiff's motion to amend the complaint to assert claims for quasi-contract and quantum meruit and to add Wainbridge as a defendant, and otherwise affirmed, without costs.
In the original complaint, plaintiff alleged that 401 West and Vector Building Corp. entered into a prime contract requiring Vector to oversee the construction and renovation of a residential building owned by 401 West. Vector and plaintiff entered into a subcontract pursuant to which plaintiff agreed to manufacture and install woodwork on the project. Plaintiff alleged that it incurred damages as a result of the delay of the project's completion date, which was caused by 401 West and Vector. Plaintiff filed a notice of mechanic's lien for the amount owed to it under the initial subcontract balance, exclusive of its other claims for, among other things, breach, delay, and change orders. The original complaint asserted claims for breach of contract, equitable adjustment, negligence, and foreclosure of the mechanic's lien.
As relevant to this appeal, 401 West moved to dismiss the complaint as against it, arguing that it was not a signatory to the subcontract. Plaintiff moved to amend the complaint to add Wainbridge as a defendant, alleging that the project was owned by both 401 West and Wainbridge, and to assert claims for quasi-contract and quantum meruit.
The court should have granted plaintiff's motion to amend the complaint to assert claims for quasi-contract and quantum meruit and to add Wainbridge as a defendant, as the proposed amendments are not palpably insufficient or clearly devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). Adding Wainbridge as a defendant is not patently devoid of merit because plaintiff set forth multiple allegations in the proposed amended complaint regarding Wainbridge's involvement in the subcontract as an owner of the project. Further, 401 West would not be prejudiced or surprised by the amendment (see JPMorgan Chase Bank, N.A. v Low Cost Bearings NY Inc., 107 AD3d 643, 644 [1st Dept 2013]), since it should have been aware of the communications that occurred between Mikhail Kurnev, an alleged member of 401 West who maintained a Wainbridge email, and plaintiff concerning the payment of fees and negotiations that occurred regarding the subcontract. Contrary to 401 West's contention, the proposed amended complaint does not rely on a theory of piercing the corporate veil.
As to the quasi-contract and quantum meruit claims, the proposed allegations are not palpably insufficient in that plaintiff alleges that 401 West and Wainbridge expressly consented to pay for plaintiff's performance under the subcontract (cf. CPN Mech., Inc. v Madison Park Owner LLC, 94 AD3d 626, 627 [1st Dept 2012] [finding issue of fact as to whether the defendant owner's "[two-party] checks constitute[d] an express promise" to pay the plaintiff contractor rather than a guarantee of construction manager's payments]). For example, the amended complaint alleges that 401 West and Wainbridge "consented to pay for [plaintiff's] performance under the [Sub]contract through the course of dealings of the parties, in which [401 West and Wainbridge] consistently paid the invoices submitted by [plaintiff] to Vector," and that 401 West and Wainbridge "negotiated the Subcontract between the parties, and directed plaintiff to perform work."
Supreme Court properly dismissed plaintiff's cause of action denominated as one for "equitable adjustment." This Court is not aware of any independent cause of action for "equitable adjustment" under New York law. Rather, a claim for an equitable adjustment in a construction contract dispute is typically pursued as a remedy or form of damages flowing from a traditional breach of contract or quasi-contract claim (see IT Corp. v Ecology & Envtl. Eng'g, 275 AD2d 958, 961 [4th Dept 2000], lv denied 96 NY3d 702 [2001] [dismissing plaintiff's cause of action for intentional interference of contract because documentary evidence belied plaintiff's allegation that defendant allegedly induced the Department of Environmental Conservation to reject plaintiff's request for an equitable adjustment of the contract price]; Hilt Constr. & Mgt. Corp. v Permanent Mission of Chad to United Nations in New York, 860 Fed Appx 764, 766 [2d Cir 2021] [affirming district court judgment finding that plaintiff was entitled to an equitable adjustment of the contract price in connection with its causes of action under New York law for breach of contract, quantum meruit, and account stated]). To the extent plaintiff seeks compensation for additional costs and delays, those allegations are properly addressed under its separately pleaded claims for quasi-contract and quantum meruit (see Whitmyer Bros. v State of New York, 47 NY2d 960, 962 [1979]; Mid-State Precast Sys. v Corbetta Constr. Co., 202 AD2d 702, 704 [3d Dept 1994], lv dismissed 84 NY2d 923 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025